## LIGGETT AND MYERS TOBACCO COMPANY
### *v.* FINZER.

**APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.**

No. 39. Argued October 24, 1888. — Decided November 5, 1888.

On the proofs the court *holds:* (1) That the complainant was not the first person to use the design of a star on plug tobacco; (2) that there is no resemblance between the design of a star as used by the appellee, and that used by the appellant.

THE case is stated in the opinion of the court.

*Mr. Paul Bakewell* for complainant.

No appearance for appellee.

Mr. Justice Field delivered the opinion of the court.

The Liggett and Myers Tobacco Company, a corporation created under the laws of Missouri, manufactures plug tobacco at St. Louis in that State. This tobacco is put up for sale marked with a star made of tin, having five points and a round hole in the centre, and attached to the plug by prongs at its back.

The bill alleges that the complainant has for many years been extensively engaged in manufacturing this plug tobacco, and in selling the same in large quantities in St. Louis, Louisville, and throughout the United States, and that every plug has been marked with such a star; that from the care taken in its manufacture the tobacco has acquired a great reputation, and large quantities are constantly required to supply the regular demand; that, by reason of the distinguishing mark of the star upon the plugs, it has become known to the trade and the public as "Star Plug Tobacco;" that the complainant was the original manufacturer of this tobacco with the design of a star affixed to the plugs; and that the defendant, knowing all this, is manufacturing and selling at Louisville, Kentucky, plug tobacco to which is affixed a round piece of gilded paper having on it a red star, under which the word "Light" is printed; and that this mark is calculated to mislead the trade and public, and induce them to purchase tobacco from the defendant as star tobacco of the complainant, to his manifest injury, all of which is contrary to equity and good conscience. He therefore prays that the defendant may be enjoined from using that star on any plug tobacco manufactured by him.

The defendant admits these several allegations, except the one asserting that the complainant was the original manufacturer of plug tobacco with a star attached to the plug; and the one asserting that the star used by him is calculated to mislead the trade and public to purchase the tobacco manufactured by him for the tobacco manufactured by the complainant.

Upon the first of these two points the testimony establishes

the fact that the complainant was the first person to use a star made of tin and fastened upon plug tobacco as described above, but that he was not the first person to use the design of a star upon plug tobacco. The priority of use, therefore, by the complainant extended only to the tin star and not to the design of a star generally.

Upon the second of the two points there is even less ground to sustain the position of the complainant. The two stars, the one used by the complainant, and the one used by the defendant, are so different in form and surroundings, that it would not be possible for any person, not afflicted with color blindness, to mistake the one for the other. They differ in size and color. The star used by the complainant on its manufactured goods is only a little over half an inch in diameter, with a hole in the centre. The mark used by the defendant consists of a round paper label over three-fourths of an inch in diameter, with a red star, and the word "Trade" on one side and the word "Mark" on the other in gilded letters on a red background, and having beneath the star the word "Light," thus forming by the figure and the letters the word "Starlight." One star has the silvery appearance of tin foil; the other has the glare of a red and yellow gilded background. The judgment of the eye upon the two is more satisfactory than evidence from any other source as to the possibility of parties being misled so as to take one tobacco for the other; and this judgment is against any such possibility. Seeing in such case is believing; existing differences being at once perceived and remaining on the mind of the observer. There is no evidence that any one was ever misled by the alleged resemblance between the two designs.

But in addition to the want of resemblance in the stars, the plugs to which they are respectively attached are of different size and weight. And it appears also that the name which the defendant has given to his plug tobacco is "Starlight" instead of "Star" tobacco, and it is thus distinguished in name not only from other tobacco manufactured by him which he calls "Sunlight" and "Moonlight," tobacco, but also from all plug tobacco manufactured by the complainant.

*Decree affirmed.*