## MORGAN ENVELOPE CO. v. WALTON et al.

(Circuit Court, D. New Jersey. August 26, 1897.)

TRADE-MARKS—UNFAIR COMPETITION.

Complainant alleged that, by the use of an allegorical figure of Columbia, its tissue paper had become known to the trade as "Columbia paper," and sought to enjoin defendants. Defendants, by a cross bill, alleged, and the evidence showed, that, prior to complainant's use of the symbol, defendants had used the word "Columbia," without the symbol, and by reason thereof their paper had become known, and was asked for, as "Columbia paper," and that subsequently complainant began the use of the word and symbol. *Held* that, irrespective of the question of a technical trade-mark, complainant should be enjoined.

This was a suit by the Morgan Envelope Company against D. S. Walton and others, constituting the firm of D. S. Walton & Co., to enjoin alleged unfair competition in business.

Melville Church, for plaintiff.

Walter D. Edmonds, for defendants.

KIRKPATRICK, District Judge. The complainants, the Morgan Envelope Company, filed their bill in this court setting out that for more than 10 years last past, continuously, they had manufactured a superior quality of tissue paper, which has been known, identified, and called for as "Columbia," and which is known and referred to by such designation, "Columbia," in connection with a symbolic or allegorical representation of Columbia, and charging the defendants, D. S. Walton & Co., with the use of a similar design upon their wrapper of tissue paper, in contravention of complainants' rights, and in such manner as to constitute an unfair and fraudulent competition in business, and asking for an injunction to restrain the defendants from making use of said wrapper or label, or any colorable imitation, in connection with tissue paper not made by complainants. To this bill the defendants filed their answer, together with affidavits denying all the material allegations in the complainants' bill, and in order to obtain full relief touching the matters of the original bill (Morgan's

L. & T. R. & S. S. Co. v. Texas Cent. Ry. Co., 137 U. S. 171, 11 Sup. Ct. 61), by leave of the court, filed their cross bill, in which they claimed for themselves the exclusive use of the label charged by the complainants to be a fraudulent imitation, and founded their right upon the appropriation and use of the word "Columbia" as applied to tissue paper, and the continuous use of the same for a period of 17 years prior to the filing of their bill. The defendants, in their cross bill, ask for the same relief against the complainants which had been asked against themselves in the original bill.

From the affidavits filed, these facts were disclosed: In 1883 D. S. Walton & Co., the defendants, were manufacturers of tissue paper, which, without other distinguishing mark, they placed upon the market labeled "Columbia," and that since that time they have continued to so label and sell it; that it has been known to the trade, and has been called for, as "Columbia paper"; that in 1885 or 1886 the complainants, being like manufacturers of tissue paper, adopted and placed upon their produce, without other distinguishing mark, a figure of the Goddess Columbia, with the name "Columbia" upon the shield, and the letters "Columbia" upon the sides of the package, which paper has also been known to the trade and called for by the name "Columbia"; that in 1893 the defendants were induced to place upon their packages a figure of Columbia which is in all respects similar to that used by the complainants. There cannot be any question that under these circumstances there is grave danger that the goods may be mistaken the one for the other. If the question presented were the only one raised by the complainants' bill, I should not hesitate to grant them the relief asked for; but the prior application by the defendants of the word "Columbia" to the same product changes the situation of the parties. It cannot be said that Walton & Co. acquired a technical trade-mark in the word "Columbia," in view of the decision of Mill Co. v. Alcorn, 150 U. S. 460, 14 Sup. Ct. 151; but that they were the first persons, so far as the record shows, to apply the word to this article of production, cannot be disputed. By such application and continued use their paper became known to the trade and the public generally. It acquired a reputation for quality, and the name was a distinctive mark of excellence. The figure of "Columbia" afterwards added by the defendants cannot be regarded as more than a mere amplification of the word "Columbia" previously appropriated. It conveys no further or other idea than the word, and can be regarded only as a different way of expressing it. It is apparent that, inasmuch as none of the wrappers in controversy bear the names of the makers, the packages must be known and designated and called for by the users as "Columbia paper," whether the word "Columbia" be expressed in letters alone, or in a figure typifying "Columbia." So it would happen that, whether a purchaser wanted the package of the complainants or the defendants, he must ask for Columbia paper. It would be impossible for the seller to know which of the manufactured articles was desired, and the public would be rendered liable to have imposed upon it goods which they did not want. Such a condition must inevitably lead to confusion in the trade, disappointment to the general public, deception of ultimate purchasers, and be productive of unfair competition in trade. Orr

v. Johnston, 13 Ch. Div. 434; Sawyer v. Horn, 4 Hughes, 239, 1 Fed. 24. One cannot be permitted to practice deception in the sale of his goods as those of another, "nor to use the means which contribute to that end." Perry v. Truefitt, 6 Beav. 66. Irrespective of the question of trade-mark, inasmuch as Walton & Co. appear to have been the first to put up their paper with the distinguishing mark "Columbia," and as their goods were the first to become known to purchasers as "Columbia paper," no other person should be permitted to use that name as the sole distinguishing mark of a like article, whether expressed in letters or by figure, and in that manner mislead the general public into buying his goods as those of his competitor. If the word could not be used as a trade-mark, it is to be treated as a descriptive term, to the benefit of which they are entitled. Wilson v. T. H. Garrett & Co., 47 U. S. App. 250, 24 C. C. A. 173, and 78 Fed. 472.

The complainants charge in their bill that by reason of their symbol of Columbia their article has become known and asked for as "Columbia paper." The evidence discloses the fact that by that name alone the defendants' paper has previously been known and called for. The confusion which their bill was filed to abate was of complainants' own creation, and they were themselves the cause of the unfair competition in trade against which they ask relief. The prayer of the complainants' bill will be denied, and an injunction granted to the defendants on their cross bill, as prayed for.