DENNISON MFG. CO. v. SCHARF TAG, LABEL & BOX CO.

(Circuit Court of Appeals, Sixth Circuit.  March 13, 1903.)

No. 1,139.

1. RES JUDICATA—DECREE ON DEMURRER—MATTERS CONCLUDED.
    A decree sustaining a demurrer to a bill and dismissing the suit is an adjudication only as to the exact point raised by the pleadings and determined on the demurrer.

2. SAME.
    A bill alleged that complainant was a manufacturer of labels, and that it had adopted and used certain arbitrary numbers, running from 1001 to 1007, as trade-marks, on its bottle and jar labels, to identify them as its goods and indicate their size and shape; that defendant made and sold labels substantially the same, except having a blue instead of a red border; and that defendant had adopted and used the numbers from 3,001 to 3,007 to designate its labels corresponding in size and shape to those of complainant. The bill prayed for relief on the ground of infringement of trade-mark and unfair competition. *Held*, that a decree sustaining a demurrer to the bill, and dismissing the same for want of general equity, was not a bar to a second suit for unfair competition, on the ground that defendant was using the identical numbers used by complainant to designate its corresponding labels, and also that it made its labels with a red border, in imitation of complainant's.

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

This is an appeal from a final decree sustaining a plea of res adjudicata interposed by the defendant to a bill in equity filed by complainant to restrain the infringement of an alleged trade-mark, and in the alternative to restrain the defendant from unfair trade. The complainant's bill, among other things, alleges that it for many years has been engaged in the manufacture and sale of labels, tags, etc.; that among the labels so made and sold in large numbers have been certain labels adapted to use upon bottles and other receptacles, which have been designated "bottle and jar labels," one species or class of which have been rectangular in shape, with red borders, and which have been and continued to be of substantially the same size and shape. In respect of its trade-mark used in connection with said bottle and jar labels, the bill avers: "That it manufactured its said bottle and jar labels in seven different sizes and shapes, arbitrarily devised or selected, and that for the purpose of distinguishing and identifying its said labels, and to differentiate the same from labels manufactured or to be manufactured by others, and to denote the origin of the same as being your orator's manufacture, in advance of all others, your orator appropriated, applied, and used certain arbitrary numbers, hereinafter more particularly referred to and explained, each of which numbers was by your orator, in advance of all others, appropriated, applied, and used as a trade-mark, and each of which, long before the acts of the defendant hereinafter referred to, came to be and was well known

¶ 1. See Judgment, vol. 30, Cent. Dig. § 1048.

in the trade and to consumers as your orator's trade-mark or designation by it employed to distinguish and identify a label of its manufacture, and to enable the identification and sale thereof as your orator's manufacture. And your orator further says that before and at the time of the acts of the defendant hereinafter complained of it was in the exclusive possession and enjoyment of all of the said numbers by it appropriated and used as aforesaid, and that each of said numbers was and had long been in use by consumers as a 'short trade phrase' between buyer and seller, availed of in distinguishing and identifying your orator's said labels and in purchasing and selling the same. And your orator further says that each of the said numbers thus by it appropriated, applied, and used was arbitrarily selected, and that in each instance the number had no relation whatsoever to any characteristic, and was in no way descriptive of the label in connection with which it was used." The bill then alleges that among other trade-marks or numbers so appropriated by it for its labels having red borders are a set or series of seven sets of four figures each, viz., 7001 to 7007 inclusive, and that each of said sets of figures is used to indicate a red-bordered bottle label of a particular size and shape of complainant's manufacture. In explanation of the mode of use the bill avers that "its said numbers, all and singular, have been used and availed of in the same way from the first, each number having been continuously and always employed in connection with a label having a red border and of a particular size and shape, and that each number has continuously and always, in addition to giving notice of and indicating the origin of the label as being your orator's manufacture, given notice of and indicated the color of border, size and the shape of the label. And your orator further says that it is and has long been a custom, for many years observed, for each manufacturer of labels like those hereinbefore mentioned, as well as each manufacturer of steel pens, pencils, buttons, ornamental nails, and other articles, which are necessarily made in a great many different sizes, shapes, and styles, to prepare and use as his trade-marks or designations a series of numbers or marks in the way in which your orator's said numbers or marks have been by it used as hereinbefore explained, which custom had its origin in the necessities of trade, and has been and is of essential and fundamental importance, and which has long been an established custom and observed in the trade to which the labels of your orator and those of the defendant appertain. And your orator further says that the successful prosecution of the business of making and selling labels like those hereinbefore described is to a large extent dependent upon the observance of the said custom, and the use by each manufacturer, to the exclusion of others in the trade, of a series of marks or numbers substantially in the way in which your orator's said numbers have been by it used, as hereinbefore set forth." It is then charged that the defendant corporation is engaged in a like business, and knowing of the appropriation of the said set of numbers for the purpose aforesaid has unlawfully and fraudulently "made use, in connection with the sale of and to denote and designate bottle and jar labels having red borders and not made by or for your orator, of each and all of your orator's numbers or trade-marks, and specifically in the same way that they have been used by your orator as hereinbefore set out." It is then distinctly averred that the defendant has made use of each of the said series of numbers as a designation of a red-bordered label, "substantially the same in shape and size as your orator's label," of the corresponding number used by your orator in connection with a like label. It is charged that these said alleged trade-marks are used upon the cartons containing such labels and in a catalogue descriptive of same used for advertising purposes. This, the bill charges, is done with the intent "to deceive the purchasers and defraud the public and to injure your orator, and that "purchasers and consumers have been and are deceived and misled in buying the labels thus sold by the defendant in the belief that they were and are of the manufacture of your orator." It is further charged "that each of the said numbers thus by the defendant applied upon the outside of its packages is used as a designation or number by the trade and public in buying and selling the goods." The complainant seeks protection against the conduct of defendant, not only upon the contention that it has a valid trade-mark in the numbers so used as and for the purposes

stated, but that if the same are not to be regarded as trade-marks that "their use by the defendant as hereinbefore set out is fraudulent and inequitable, and constitutes an unfair competition in business, which equity will restrain." "And your orator prays that it may have the relief in the premises to which it is entitled, whether the said numbers are held to be trade-marks or not." It is further stated that the complainant "uses among other marks and numbers to distinguish and identify its labels and tags, other than 'bottle and jar labels,' hereinbefore referred to, and that it does not by this bill in any wise waive or relinquish any cause or causes of action whatsoever, at law or equity, which it may have against this defendant by reason of any use by the defendant of any one or more of its marks or numbers not used in connection with bottle and jar labels." Relief in both aspects of the bill and an accounting is prayed.

To this bill the defendant interposed a plea setting out the record in a former cause between the same parties, in the same court, and the decree therein, as a bar to the entire relief claimed under this bill.

The former record and decree relied upon as a bar consisted of a bill filed by this complainant in which the general averments in respect of the business done and the trade-marks claimed by it were, in substance, much like the general averments of the present bill. The specific infringement charged in the former suit was that "the defendant has manufactured bottle and jar labels of seven different sizes and shapes in every way substantially similar to the seven sizes and shapes of your orator's hereinbefore described. In connection with one of these seven labels, to match the label of your orator of corresponding size and shape, the defendant has applied the number '3001.' Thus your orator's label of a particular size and shape, designated '1001,' is by the defendant reproduced and designated '3001,' and each of the other six marks of your orator are imitated in the same way, number '3002' being employed to match your orator's '1002,' '3003' to match your orator's '1003,' '3004' to match your orator's '1004,' '3005' to match your orator's '1005,' '3006' to match your orator's '1006,' '3007' to match your orator's '1007,' all as more fully appears by the page marked 'Defendant's Catalogue' herewith produced, and which page is a page taken from a catalogue by the defendant published and used in its business, and in connection with the sale of its goods to the trade and the public. Your orator charges that the defendant has knowingly and fraudulently arranged the said page marked 'Defendant's Catalogue' with full knowledge in the premises, to match the page of your orator's catalogue herewith produced, designated 'Complainant's Catalogue,' whereby your orator's good will is jeopardized, and the fraudulent sale of the defendant's labels as and for those of your orator, and in inequitable competition therewith, made possible and promoted." That bill also charged that actual deception had resulted, and purchasers had been misled in purchasing the defendant's label, supposing them to be those made and sold by the complainant. It also contained a paragraph identical in phrase with the one in the present bill in respect to the complainant's adoption of many other marks and numbers to distinguish and identify its bottles and jar labels, and that it does not waive any right or cause of action against the defendant by reason of any use by it of any one or more of its marks and numbers not used in connection with bottle and jar labels. That bill also sought relief in the alternative; that is, it averred that it was entitled to the exclusive use of said numbers as trade-marks, but to protection against their use in the manner used, whether trade-marks or not, as constituting unfair trade.

To this bill the defendant demurred, as follows: "The demurrer of the Scharf Tag, Label & Box Company, defendant, to the bill of complaint of the above-named complainant: This defendant, by protestation, not confessing or acknowledging all or any of the matters or things in the said bill of complaint contained to be true in such manner and form as therein set forth and alleged, doth demur to the said bill, and for causes of demurrer showeth: (1) That the said complainant has not, in and by the said bill of complaint, made or stated the ownership of any valid trade-mark or any trade-mark upon which it is entitled to the relief prayed, or to any relief from or against this defendant, because of the use of the numbers referred to in the said bill of complaint. (2) This defendant for the second cause of demurrer shows that

the said complainant has not shown any legal or equitable title to the subject-matter of the printed catalogue submitted by the said bill of complaint, and against the publication of which it asks relief, and that on the face of the bill and the catalogues submitted the said complainant is not entitled to the relief prayed or any relief against the publication of the catalogues of this defendant. Wherefore, and for divers other good causes of demurrer not appearing on the said bill, the defendant doth demur thereto, and it prays the judgment of this honorable court whether it shall be compelled to make any further answer to the said bill, and humbly prays to be hence dismissed, with its reasonable costs in this behalf sustained." It also filed an answer to the charges of fraudulent or unfair competition in trade.

The case was heard upon the demurrer, and the bill dismissed. The decree dismissing the bill was in these words: "This cause coming on to be heard upon the bill of complaint of the complainant, and demurrer and answer on the part of the defendant and arguments of counsel, and an opinion having been rendered sustaining the demurrer, and that a decree will be entered dismissing the bill, with costs, unless the complainant elects to amend within fifteen days after notice of this decree; and, the complainant having failed to amend, it is ordered, adjudged, and decreed that the demurrer be sustained; that the bill of complaint herein be dismissed, with costs, in accordance with the opinion heretofore filed in the cause."

Archibald Cox and Charles H. MacDonald, for appellant.

Jas. Whittemore, for appellee.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

1. The merits are not involved. The only question is upon the decree sustaining the plea of res adjudicata.

2. The plea goes to the whole bill. It is consequently too broad if there is any relief possible under the present bill, notwithstanding the thing adjudged which is pleaded in bar.

3. For the purposes of this case we may assume the broadest claims made for the former adjudication, to wit, that it was adjudged that the complainant could not acquire any valid or exclusive right to the numbers used by it or to any such system or method of designating or describing the different kinds of labels to which different numbers were applied. Both the suits were decided by Judge Swan, and opinions were filed in each case. In the opinion filed in the case at bar that learned judge, referring to what he regarded as adjudged in the former case, said:

"It was held in the first case, rightly or wrongly, that the numbers used by complainant as 'short trade phrases' to designate its various labels to its customers, and for the latter's convenience in ordering different sizes of labels by numbers instead of by measurement or lengthy description, do not constitute trade-marks, and that the adoption by any other manufacturer of the same system of designation of his labels was not in itself unfair competition in trade. Whether those conclusions are sound or unsound is not the inquiry. If unsound, it is too late to review them; if sound, they equally defeat this suit. The complainant took and perfected its appeal in that case, but upon its motion the appeal was dismissed. In the first suit the bill sets forth a series of numerals forming part of the same system of 'short trade phrases,' claiming the numerical designation of its various labels as trade-marks, and the use of any of them by defendant upon its labels as an order or trade phrase was an invasion of complainant's property right, and, as in the present bill, that claim failing, alternatively that such use per se evidenced unfair competition in trade."

But the infringement charged in the former case was not the same as the infringement charged in this case. In the former case the infringement consisted in a simulation of the plan, system, or method, and not an identical use of the same specific numbers upon labels of the same size, shape, and color. The complaint was that the defendant violated the complainant's rights in the numbers 1001 to 1007 by the use of the numbers 3001 to 3007 upon labels having blue borders, but of size and shape corresponding to those of the complainant designated by the series of numbers. But the former bill also sought relief upon the theory that if the complainant was not entitled to appropriate the series of numbers, claimed as an exclusive or technical trade-mark, these numbers had acquired a secondary signification indicating origin or ownership, and that equity would protect the use of such numbers in such a way by a rival in trade as was calculated to enable a competitor to sell its own product as and for the goods of the complainant. Upon this question of unfair trade the case made by the former bill and the one at bar present a totally different state of facts. Thus that bill charged "that the defendant has fraudulently and unlawfully violated and infringed your orator's rights in the premises by making use of palpable imitations and infringements of your orator's numbers, trade-marks, and designations"; "that defendant has knowingly made use in connection with bottle and jar labels by it manufactured in the exact way in which your orator has used the numbers aforesaid, which imitations, as applied and used by the defendant, have been calculated to mislead and promote and enable unfair competition and the sale of defendant's bottle and jar labels as and for those of your orator's catalogue."

Referring to this matter, Judge Swan in his opinion sustaining the demurrer said:

"It is not alleged that defendant imitates complainant's labels in any other particular than by denominating by numerals—other than those used by the complainant—the different sizes and colors of labels which it makes and sells, or that it offers its goods as of Dennison's manufacture. The arrangement of the illustrations of labels in the catalogues of both parties is the same, but that feature of a sales catalogue is not the subject of exclusive use. Adams v. Heisel (C. C.) 31 Fed. 279. Neither illustrations nor arrangement suggest the identity of Scharf's labels with Dennison's. The differences in color of border design and numerals are so obvious as to disprove at a glance anything more than a generic resemblance. Liggett and Meyrs Co. v. Finzer, 128 U. S. 184, 9 Sup. Ct. 60, 32 L. Ed. 395. Both catalogues are by reference made part of the bill, and the differences noted are further accentuated by the name of the manufacturer displayed in bold type at the top of those pages of the respective catalogues which depict the labels in controversy. If by possibility the public or the trade has been misled into the belief that Scharf's labels of a given numerical designation, advertised and catalogued as his manufacture and of a given color and design, are Dennison's, which are ordered by another numerical designation, differ in color, appearance, and pattern, and are advertised, catalogued, and known to the trade as Dennison's, the fault is that of the public and the trade, who, in addition to the differences noted, are apprised of the origin of the labels by the catalogue, the boxes, and the cartons, on each of which the manufacturer's name appears. For this consequence of the use of numerals as cipher orders the defendant is not responsible. Coats v. Merrick Thread Co., 149 U. S. 563 [13 Sup. Ct. 966, 37 L. Ed. 847]."

In the former suit the trade numbers claimed were from 1001 to

1007, inclusive. The defendant was not using those identical marks or numbers, but the numbers 3001 to 3007. There seems also to have been a difference in the color of the border of the labels upon which these different series of numbers were used. This Judge Swan notices very pointedly in his opinion quoted above. The charge here is that plaintiff's identical numbers are used in connection with labels like those of the complainant in color, size, and shape.

The equitable principles applicable to cases involving unfair trade are well settled. The difficulty is in their application, for it is quite as impossible to define unfair trade as to define fraud. It follows, therefore, that very slight difference in the facts of two such cases may result in very different decisions.

The question as to whether the former decree is a bar to the relief sought under the present bill in its aspect as a bill to restrain unfair trade must depend upon the identity of the facts of the two cases. The res judicata relied upon arises from a decree sustaining a demurrer for want of general equity. There was no hearing upon any issue of facts. In such cases the rule is that the estoppel extends only to the precise point presented by the pleadings and decided by the ruling upon the demurrer. In Wiggins Ferry Co. v. O. & M. Ry., 142 U. S. 396, 410, 12 Sup. Ct. 188, 192, 35 L. Ed. 1055, it is said:

"Where the judgment in the former action is upon a demurrer to the declaration, the estoppel extends only to the exact point raised by the pleadings as decided, and does not operate as a bar to a second suit for other breaches of the same covenants, although if the judgment be upon pleadings and proofs the estoppel extends not only to what was decided, but to all that was necessarily involved in the issue."

To the same effect are the cases of Gould v. Evansville Ry., 91 U. S. 526, 23 L. Ed. 416; Russell v. Place, 94 U. S. 606, 608, 24 L. Ed. 214.

The estoppel of the former suit so far as that bill sought relief upon the ground of unfair competition extends no farther than the precise point raised by the facts there stated in reference to the wrong there charged. The plea in the present case goes to the whole bill, and all relief under it. It is therefore too broad, and the court erred in sustaining it.

Decree reversed and remanded for further pleading.

Judge DAY participated in the decision of this case.