Mr. Justice Robb
delivered the opinion of the Court:
This is an appeal from a decision of the Commissioner of Patents sustaining appellee’s opposition to the registration by appellant, the Nestle & Anglo-Swiss Condensed Milk Company, of a trademark for “cocoa with milk and chocolate with milk,” the mark consisting of the words “Milkmaid Brand” and the representation of a milkmaid in Swiss costume, supporting a pail on her head and carrying another pail in her hand. We reproduce the mark below.

*150 Appellee’s mark, registered July Ith, 1905, and applied to “cocoa, chocolate, broma, and cocoa preparations,” consists, according to the statement in appellee’s application for registration, “of a picture of a girl or a woman taken from the picture known as-‘La Belle Chocolatiere,’ ” specifically, the representation .of a waitress in Quaker of Puritan costume carrying a tray supporting cups, as shown below.

Appellant has long been an extensive manufacturer of and dealer in milk preparations. In 1876 it registered in England, as a trademark for cocoa and milk and also for chocolate and milk, the mark which it here seeks to have registered, and in 1880 it obtained in Switzerland the registration of the same mark for coffee and milk, chocolate and milk, and cocoa and milk. In the application before ns, applicant makes oath that it has used its mark since 1870.
Appellee is not the originator of its mark. The identical mark was registered by J. G. Worth, May 28th, 1872, as a trademark for teas, coffees, and spices. A mark very similar to appellee’s was registered May 1st, 1887, to Davis, Sacker, & Perkins, as a trademark for coffee. The figure of a woman in various costumes has many times been registered as a trademark for similar goods.
*151 Both sides took testimony. It is unnecessary to review appellant’s evidence, and we shall only briefly allude to that of appellee. No actual confusion has been shown. The nearest approach to it in the testimony adduced by appellee is that in some instances purchasers would ask for its goods as chocolate with the picture of a girl on it, or chocolate with a girl on it; but, as pointed out in the opinion of the Examiner of Interferences, whose decision was in favor of appellant, “the use of this expression by these purchasers does not negative or exclude the possibility that they had in their minds a definite conception or mental impression of the distinctive and fanciful features of opposer’s mark, such as would have enabled them to easily recognize the mark of applicant as substantially different therefrom; nor that this expression was not used by some, for instance by children and foreigners, merely because of a lack of command of the English language, or by others not so handicapped merely to avoid the trouble and loss of time involved in specifying in detail the fanciful and distinctive features of this mark. * * * That some of the witnesses who used this expression had a very clear and definite conception of these fanciful and arbitrary features appears from their testimony. Thus, for instance, the witness Laidy, a housewife, who states (Q. 9, X Q. 15) that she sends her child to the store Ho buy a package with the full length woman on it that has a Quaker costume,’ is able to give from memory a very accurate description of the distinctive features of opposer’s mark.”
After all, in a case of this kind, an ocular inspection of the marks constitutes the most satisfactory evidence.' A. Leschen & Sons Rope Co. v. Broderick & B. Rope Co. 36 App. D. C. 451; Layton Pure Food Co. v. Church & D. Co. 104 C. C. A. 464, 182 Fed. 24.
As above noted, appellee copied rather than originated, its mark. Indeed, if its contentions in Walter Baker & Co. v. Harrison, 32 App. D. C. 212, and in the present case, should be accepted to their full extent, it would be a question whether it ever had any right at all to the mark. Certain it is that, *152 not being the originator of the mark, it has no right to exclude everyone else from using the representation of a woman as a trademark upon similar goods (Liggett & M. Tobacco Co. v. Finzer, 128 U. S. 182, 32 L. ed. 395, 9 Sup. Ct. Rep. 60), conceding, for the purpose of this case only, that it might have had that right had it been an originator instead of a copier. Assuming, therefore, that each of the parties to this proceeding has the right to the representation of a woman as a trademark, the only question before us, our jurisdiction being purely statutory, is whether the marks in issue are so nearly alike as to deceive purchasers, and therefore cause confusion in trade.
“Milkmaid Brand” is a constituent part of appellee’s mark and we must so consider it here. Morgan Envelope Co. v. Walton, 82 Fed. 469; Filley v. Passett, 44 Mo. 173, 100 Am. Dec. 275; Re Hopkins, 29 App. D. C. 118; Planten v. Canton Pharmacy Co. 33 App. D. C. 268. It logically follows, therefore, that the word “Milkmaid” in “Milkmaid Brand” is the alternative of the figure of the milkmaid beneath; in other words, “Milkmaid” and the pictorial representation mean the same to the public. The right to employ one necessarily includes the right to employ both. That no one would fail to recognize the mark in its entirety as the representation of a milkmaid, and hence associate -the goods to which it applies as the “Milkmaid Brand,” we think too apparent to require further discussion.
Mr. Justice Van Orsdel, delivering the opinion of the court in Walter Baker & Co. v. Harrison, 32 App. D. C. 272, supra, in commenting upon the similarity between appellee’s mark and the other mark there involved, said: “The style of dress shown in each mark is the same, being the style at once recognized as that of a Quaker lady.” The description is apt, and to our minds controlling on the question of similarity in the present case. We are unable to find that anyone of average discernment would be likely to take one mark for the other,—-to confuse the “Quaker lady” with the “Swiss milkmaid.” It must be borne in mind that appellant adopted its mark in "good faith, and without any intention of simulating the mark *153 of appellee. The suggestions, therefore, in Americna Stove Co. v. Detroit Stove Works, 31 App. D. C. 304, and in Wm. A. Rogers v. International Silver Co. 34 App. D. C. 484, do not here apply.
Appellee urges the applicability of the decision in Walter Baker & Co. v. Puritan Pure Food Co. 139 Fed. 680, to this case. It is necessary only to say that there ivas much greater similarity between the marks in that case than between the marks in this. There the mark of the Puritan Food Company was the full length figure of a woman dressed in Puritan costume.
The decision of the Commissioner is reversed, and the clerk will certify this opinion as by law required. Reversed.