# SHULL-DAY COMPANY *v.* LEVY OVERALL MANUFACTURING COMPANY.

### TRADEMARKS; SIMILARITY OF MARKS.

A registered trademark applied to overalls, consisting of the figure "5" in large type, within the loop of which is a group of five workmen, the upper bar of the figure containing the words "Big Five" in comparatively small type, is not sufficiently similar to cause con-

fusion in trade, to a mark, also applied to overalls, consisting of the word "Big" in large type and the figure "3" in still larger type, and containing in the figure the picture of a man in overalls having an arm extended displaying a placard; and evidence of the substitution by · certain merchants of Big 3 overalls · for Big 5 overalls, which was not the result of any confusion of marks, and testimony by a witness that on one occasion he asked for Big 5 overalls and was handed out a Big 3, and that he did not notice the difference until he opened the package, which witness, however, did not state that he saw the mark on the garment when he bought it, but only testified that when he did take notice of the mark he saw that it was not a Big 5, are insufficient to show actual confusion having resulted from the concurrent use of the two marks; nor will a registered mark consisting of the word and figure "Big 4" as applied to overalls prevent registration of the Big 3 mark as described. (Citing *Nestle & A. S. Condensed Milk Co.* v. *Walter Baker & Co.* 37 App. D. C. 148.)

No. 1032.  Patent Appeals.  Submitted May 9, 1916.  Decided May 29, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents registering a trademark over an opposition.

*Affirmed.*

The facts are stated in the opinion.

*Mr. John W. Crandall* for the appellant.

*Mr. A. M. Allen* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The Levy Overall Manufacturing Company applied for the registration of the trademark "Big 3." The word "Big" is in large type and the figure "3" in still larger type. Within the figure is a picture of a man in overalls, having an arm extended displaying a placard.

The registration was opposed by the Shull-Day Company, which has a previous registered trademark of "Big 5," consist-

ing of a figure "5" in large type within the loop of which is a group of five workmen, in the upper bar of the figure are the words "Big Five" in comparatively small type. The mark was registered August 9, 1910.

It appears, also, that prior to this registration the Rice-Styx Company of St. Louis, Missouri, had registered a trademark "Big 4" for overalls.

Experts for the Shull-day Company testified that confusion in trade would likely result from the word "Big," common to both marks, and the similarity of figures "5" and "3." Experts on behalf of the Levy Overall Manufacturing Company testified to the contrary.

The Examiner of Interferences thus discussed the evidence of actual confusion.

He said: "There is some evidence in behalf of opposer that samples of overalls that were sent out by applicant to certain merchants were disposed of by substituting them for the Big Five overalls of opposer. It appears, however, that this was not the result of any confusion of marks, and that a garment of any other make or brand could have been as easily substituted. The witness Harding testified that on one occasion when he asked for a pair of Big 5 overalls he was handed out a Big 3, and that he did not notice the difference until he opened the package. He does not say, however, that he saw the mark on the garment when he bought it. Furthermore, it appears that when he did take notice of the mark, he saw that it was not a Big 5. There is no evidence, therefore, of any actual confusion having resulted from the concurrent use of the marks."

This is an accurate *résumé* of the evidence as to actual confusion.

The Commissioner was of the opinion that the Rice-Styx Company registration must be taken as prima facie ownership by that company of the word "Big," and the numeral "4," and that the case was thereby within the rule laid down by the Supreme Court in *Liggett & M. Tobacco Co.* v. *Finzer,* 128 U. S.. 182, 32 L. ed. 395, 9 Sup. Ct. Rep. 60.

See also *Nestle & A. S. Condensed Milk Co.* v. *Walter Baker*

*& Co.* 37 App. D. C. 148, in which it was held that inasmuch as the Walter Baker Company was not the originator of the representation of a woman, it was only entitled to prevail over others that used the particular figure of the woman shown in its trademark.

Under this rule the Shull-Day Company is only entitled to exclusive use of the word "Big" in connection with the particular numeral it has used; namely, the figure "5."

The decision of the Commissioner is correct, and it is affirmed.

The clerk will certify this decision to the Commissioner of Patents.                                            *Affirmed.*