## JOHN MORRELL & CO. v. HAUSER PACKING CO.

Circuit Court of Appeals, Ninth Circuit.
August 1, 1927.

No. 4942.

**Trade-marks and trade-names and unfair competition ⬤➾87—Trade-mark "Pride," declared in Patent Office and on market in combination, must be deemed to consist of combination.**

Trade-mark "Pride," when used in combination as descriptive of hams and bacon, and declared as such in Patent Office and on the market, must be deemed to consist of combination, and not of word alone.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; George M. Bourquin, Judge.

Suit by John Morrell & Co. against the Hauser Packing Company, wherein defendant filed a counterclaim. From a decree of dismissal, plaintiff appeals. Affirmed.

Frederick S. Lyon, Leonard S. Lyon, and Henry S. Richmond, all of Los Angeles, Cal., and Mason, Fenwick & Lawrence, of Washington, D. C., for appellant.

Bertin A. Weyl and Dockweiler, Dockweiler & Finch, all of Los Angeles, Cal., for appellee.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. This is a suit for the alleged infringement of plaintiff's registered trade-mark "Pride." In the court below, there was a dismissal both of the bill and of defendant's counterclaim; plaintiff appeals.

Both parties are engaged in the business of manufacturing and selling cured meat products; John Morrell & Co., the plaintiff appellant, having its principal place of business at Ottumwa, Iowa, and defendant, Hauser Packing Company, at Los Angeles, Cal. The latter denies infringement, but admits use from 1907 of the words "Hauser's Pride" as the brand for its highest grade hams and bacon. For more than 25 years prior thereto, plaintiff had, for a similar purpose, used the word "Pride," but only in combination, as "Morrell's Pride," "Morrell's Iowa Pride," and "Morrell's Dakota Pride." Though it never used or claimed the right to use or registered the single word "Pride" until many years after defendant had established its use of "Hauser's Pride," plaintiff framed its bill upon the theory that from 1880 forward its trade-mark had always been "Pride."

From the evidence it appears that as early as 1905 it had distributing agencies upon the Pacific Coast—Seattle, San Francisco, and Los Angeles. Long prior thereto, defendant, with headquarters at Los Angeles, had occupied the Southern California field, and, as already stated, from 1907 forward it sold its choice products as "Hauser's Pride." Notwithstanding the fact that both companies had agencies in the same city, from which they competitively distributed the same class of merchandise to the same trade, plaintiff pleads, and its direct testimony tends to support, the strange contention that it remained in ignorance of the infringement of its rights for 13 years. Learning of defendant's brand in 1920, so it avers, it made request of it to desist from further use, but without avail, and thereupon, in 1922, it applied for the registration of the word "Pride" alone, and in 1924 the application was granted.

Against the infringement of this trade-mark so registered, and none other, it here seeks relief. Studiously it avoids in its bill the slightest reference to the use or registration of any combination brand or mark. In the application it averred actual use of "Pride" from 1880, but under the evidence this must be understood as use in combination, and the year as having been selected either arbitrarily or for tactical purposes, for the only use was in combination, and that from 1877 with no substantial change in 1880. It further appears from the evidence that in June, 1897, plaintiff registered its trade-mark as "Iowa's Pride," and in October, 1916, as "Dakota's Pride," and in January, 1920, as "Morrell's Pride"; never prior to 1922 as "Pride" alone. Manifestly its present contention that "Pride" alone has always been its actual trade-mark, and that the words used and registered in combination therewith are to be disregarded, is a conception to be attributed to recent necessity. For if from the beginning "Pride" was its trade-mark, why did it not once for all so register it; or if in 1922 it was of the opinion now advanced that the other words in combination were to be regarded as meaningless, why did it again apply for the registration of a trade-mark which it had already registered three times; or if all four registrations were of the same trade-mark, why in the several applications did plaintiff aver widely differing dates of first actual use?

As said by the court below, within the scope of the complaint the question is not whether the word "Pride" could, but whether it did in fact, become plaintiff's trademark prior to 1907. And we concur in answering the question in the negative. In the combination as actually used, and as registered, both words are given equal prominence, and to ignore one would be quite as arbitrary as to ignore the other. Both in the Patent Office and on the market, plaintiff declared its trade-mark to be, not "Pride," but "Morrell's Pride," or some other combination. Under such circumstances, the trademark must be deemed to consist of the combination. Armour & Co. v. Louisville P. Co. (D. C.) 275 F. 92; Id. (C. C. A.) 283 F. 42.

In the view we take, it is unnecessary to discuss plaintiff's position that by the affirmative averment in its counterclaim defendant admits confusion on the market, resulting from the use by it of the brand "Hauser's Pride," and by the plaintiff of "Morrell's Pride," or "Pride" alone. Had plaintiff more frankly put in issue the dignity of its real brands or trade-marks, the point would be material, but not under the complaint as it stands. As we have seen, plaintiff with strictness pleads only the trademark "Pride" as registered in 1924, and it being our conclusion that defendant publicly and generally used "Hauser's Pride" as its brand long prior to either registration or use by plaintiff of "Pride" alone, the latter's case must fall. Whether by reason of its earlier adoption and use of "Morrell's Pride," or some other combination, it may justly contend that the use of "Hauser's Pride" constitutes infringement, is another question, not within the scope of the bill; and defendant is not complaining of the dismissal of its counterclaim.

Decree affirmed, with costs to appellee.