**VAN CAMP SEA FOOD CO., Inc., v. WESTGATE SEA PRODUCTS CO.**

Circuit Court of Appeals, Ninth Circuit. November 5, 1928.

No. 5516.

Newby & Newby and Nathan Newby, all of Los Angeles, Cal. (Dee Holder, of Los Angeles, Cal., of counsel), for appellant.

Wm. S. Graham, of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. Both parties are packers of tuna fish, with places of business in Southern California. The appellant (plaintiff below) adopted, used, and caused to be registered in the United States Patent Office as its trade-mark the phrase "Chicken of the Sea." Thereafter the appellee began to use, and caused to be registered, as its trade-mark "Breast-O'-Chicken." Alleging that this is an infringement of its mark, appellant brought this suit to enjoin its use. By the amended bill we are informed that in either case the trade-mark is applied by displaying it in conspicuous letters upon a band-label pasted upon the cans containing the canned fish; copies of the labels being exhibited with the pleading. While there are averments in the bill which would be material in a suit to restrain acts of unfair competition, admittedly such an issue is not involved. Upon defendant's motion, the court below entered a decree of dismissal, and the sole question on this appeal is whether the amended complaint discloses a cause of action for the infringement of appellant's registered trademark.

 It is first complained that the court dismissed the bill without hearing evidence. We are not aware of any distinctive principle of procedure in such cases. Where there is doubt, a bill for infringement should not be dismissed upon motion; but a like rule is applicable generally to bills in equity. Failey v. Talbee (C. C.) 55 F 892; St. Louis & S. F. R. Co. v Allen (C. C.) 181 F. 710, 723. When it is clear that under no state of the evidence can plaintiff make a case of infringement, it would be idle to go further, and a motion to dismiss should be granted. Sprigg

v. Fisher (D. C.) 222 F. 964; Collins Chem. & Mfg. Co. v. Capitol City Mfg. Co. (C. C.) 42 F. 64, and see, also, Mallinson v. Ryan (D. C.) 242 F. 951; M. C. Peters Milling Co. v. International Sugar Feed No. 2 Co. (C. C. A.) 262 F. 336, 339; P. Lorillard Co. v. Peper (C. C. A.) 86 F. 956; American Tobacco Co. v. Globe Tobacco Co. (C. C.) 193 F. 1015; S. R. Feil Co. v. J. E. Robbins Co. (C. C. A.) 220 F. 650; Richmond Remedies Co. v. Dr. Miles Medical Co. (C. C. A.) 16 F.(2d) 598; Liggett & M. T. Co. v. Finzer, 128 U. S. 182, 9 S. Ct. 60, 32 L. Ed. 395; Hopkins on Trade-Marks (3d Ed.) p. 467.

We are of the opinion that such a case is presented by the amended bill with its exhibits. Were the word "chicken," common to the two trade-marks, a purely fanciful term, and made equally prominent in both, we might have a case of sufficient doubt to warrant a hearing of evidence. But, as registered, the two combinations are similar neither in appearance nor in sound, and if, as appellant contends, it be conceded that "chicken" is the dominant word in its combination, it cannot be said to have such prominence in that of the defendant. Moreover, "chicken," as used by the plaintiff, is not a purely fanciful term, but is measurably descriptive. True, in its primary or most popular meaning, it designates the young of the domestic hen, and less commonly, the young of wild birds, but it is sometimes used to denote living things of the sea as well as of the land. Its application has been so extended apparently because in a figurative sense it has come to signify something young and tender.

At page 336 of volume 2 of Murray's New English Dictionary of the Philological Society it is stated that, since early in the 1700's, "chicken" has been so used as denoting a young and inexperienced person, and in Farmer and Henley's Dictionary of Slang and Colloquial English it is said that "tender as chicken" dates back to the fourteenth century. In the Century Dictionary it is referred to as a name applied with qualifying adjectives to various fishes. In the same work chicken halibut is defined as "a halibut weighing from ten to twenty pounds." And in the edition published as early as 1889 chicken lobster is said to be "an undersized lobster," too small to be legally marketable under the laws of some states. It will thus be seen that the term is not only more or less generally applied to sea life, but, when so used, it is understood to be descriptive of class or quality. We are not to be understood as necessarily holding that plaintiff's trade-mark is invalid; the combination as a whole may have validity. But, in view of the considerations just suggested, appellant cannot, as in effect it seeks to do, abandon all but the word "chicken" and claim that as its trade-mark. "Chicken," when applied to tuna, would, as when applied to halibut or lobster, denote young and tender meat, and hence would be descriptive of quality. That terms merely descriptive of quality cannot be appropriated as trade-marks is too well settled to require citation of authorities. On the point that generally a registered trade-mark is to be considered as an entirety, see John Morrell & Co. v. Hauser Packing Co. (C. C. A.) 20 F.(2d) 713; Ostermoor & Co. v. Rose Spring & Mattress Co., 55 App. D. C. 307, 5 F.(2d) 268; Loughran v. Quaker City, etc. (C. C. A.) 296 F. 822; Beckwith v. Commissioner of Patents, 252 U. S. 538, 40 S. Ct. 414, 64 L. Ed. 705.

Affirmed.