**ERWYN PRODUCTS, Inc., v. LANDER CO., Inc., et al.**

District Court, S. D. New York.
April 16, 1941.

Fitelson & Mayers, of New York City (I. Jack London, of New York City, of counsel), for plaintiff.

Mock & Blum, of New York City, for defendants.

CONGER, District Judge.

This is a suit for trademark infringement. The testimony reveals that plaintiff registered its trademark "Parfum Crinoline by Erwyn", on July 18, 1939, received a registration certificate from the United States Patent Office, and has used its trademark as registered on the perfume items which it sells to the better class trade; that it started to sell its perfume in July, 1938, under the above mark.

The defendant uses the words "Crinoline Days" on its toilet goods preparations which it sells to the public through five and ten cents chain stores. The defendant did not sell perfume items.

In September, 1939, plaintiff decided to produce a full and complete line of cosmetics and perfumes under a new style of packaging and design, using the word "Crinoline", but before these goods could be put on the market, the plaintiff learned that the word "Crinoline" was being used by defendant on its toilet articles as "Crin-

oline Days". The plaintiff then abandoned its proposed use of this name for its articles, although its trademark had been registered to include toilet preparations, and charges infringement by defendant.

An examination and comparison of plaintiff's registered trademark, as used on its products exhibited to the court, with that used on defendant's products, shows conclusively to me that there is no infringement.

The plaintiff's and the defendant's use of the word "Crinoline" are both in script form, not printed, but one is on a bottle of perfume, while the other is on a box in which is contained toilet water. Both have flourishes to form a border, but one is around the trademark itself as used on a bottle, while the other is around the edges of the box. One is affixed to the glass bottle as a full mark "Parfum Crinoline by Erwyn", while the other is on the cover of the box as "Crinoline Days".

▉▉ Further, plaintiff claims its trademark of the word "Crinoline" alone is the word that has been infringed. However, it has been conclusively shown that plaintiff has never used this word without the full trademark as registered; and that when registering its trademark, the plaintiff stated that "all words are hereby disclaimed apart from use in the Trade-Mark". On the registration certificate issued by the Patent Office only the word "Parfum" is disclaimed. This clearly restricts the registration to the combination mark as used, or as "Crinoline by Erwyn", and as such a combination, defendant's use of "Crinoline Days" is not an infringement. Compare these cases in which the courts have held no infringement: John Morrell & Co. v. Hauser Packing Co., 9 Cir., 20 F.2d 713—"Morrell's Pride" and "Hauser's Pride"; Van Camp Sea Food Co., Inc. v. Westgate Products Co., 9 Cir., 28 F.2d 957, certiorari denied, 279 U.S. 841, 49 S.Ct. 263, 73 L.Ed. 987,—"Chicken Of The Sea" and "Breast-O-Chicken"; John Morrell & Co. v. Doyle, 7 Cir., 97 F.2d 232, certiorari denied, 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 415—"Red Heart" and "Strongheart"; Armour & Co. v. Louisville Provisions Co., 6 Cir., 283 F. 42, certiorari denied, 260 U.S. 744, 43 S.Ct. 164, 67 L.Ed. 492— "Armour's Star" and "Southern Star".

▉ The plaintiff has raised the point that this action is also for unfair competition. Since both plaintiff and defendant are residents of the same state, the defendant raised the objection that this court has no jurisdiction of the common law action of unfair competition. However, I believe the element of unfair competition in this case is nothing more than an additional element of the trademark infringement. The plaintiff's claim for unfair competition rests on practically the same facts as his cause of action for infringement. I believe the cause of action is single here, and not two separate claims. Plaintiff has not pleaded two causes of action, nor has he attempted to prove a common law cause of action for unfair competition. Since it is a single claim, this court has jurisdiction. (See discussion of doctrine of Hurn v. Oursler, 289 U.S. 238, 239, 53 S.Ct. 586, 77 L.Ed. 1148, on jurisdiction of federal courts over common law unfair competition in both prevailing and dissenting opinions in Lewis v. Vendome Bags, Inc., 2 Cir., 108 F. 2d 16).

▉ The additional facts proven for plaintiff's claim for unfair competition are that plaintiff had sales of about 2,000 pieces between July, 1938 and November, 1939; that it advertised with window-displays in drug stores (about ten in all) and that it ran an ad in Esquire magazine. In any event, these facts do not establish any secondary meaning of the word "Crinoline", in that the buying public would attach this word to plaintiff's products. Further, plaintiff has not shown that defendant acted in bad faith, or intended to make use of the good will of plaintiff's mark, product and advertising. As a matter of fact the evidence is to the contrary. Defendant's witnesses testified that they knew nothing of plaintiff's product or trademark, and that when they did learn of it, they immediately changed their mark from "Crinoline Days" to "Romantic Days".

Under all the circumstances, I am satisfied that defendant has not infringed plaintiff's trademark and further that there is no merit to plaintiff's claim of unfair competition.

I therefore direct that a decree be entered herein dismissing the complaint.

The defendant's attorneys should submit to me, through the clerk's office, on five days' notice of settlement, simple findings of fact and conclusions of law for my signature. They should be typewritten, triple-spaced, so that I may readily make any necessary changes. I suggest that plaintiff's attorney, if he be so disposed, submit, on

two days' notice, criticisms of the proposed findings, as counter-findings will avail him nothing.