**WARNER–HUDNUT, INC. (Warner-Lambert Pharmaceutical Company, Substituted)**

v.

**WANDER COMPANY.**

**Patent Appeal No. 6533.**

United States Court of Customs and Patent Appeals.

July 20, 1960.

Arnold B. Christen, Washington, D. C., of counsel, for appellant.

Davis, Lindsey, Hibben & Noyes, Albert W. Bicknell, Chicago, Ill. (George N. Hibben, Chicago, Ill., of counsel), for appellee.

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'CONNELL,* pursuant to provisions of Section 294(d), Title 28 United States Code.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

The appellant, Warner-Hudnut, Inc., filed a petition for cancellation of the appellee's registered trademark, "Wander." The Assistant Commissioner affirmed the examiner's dismissal of the petition to cancel and this appeal followed.

The question presented by the appeal is a very simple one and, although counsel have managed to pile up more than 400 pages of record and 80 pages of brief, we think it can be dealt with in a very few paragraphs. The question is simply whether "Wander," applied to a drug used chiefly in the treatment of tuberculosis, is likely to cause confusion with "Warner," used for a wide range of pharmaceuticals. The Assistant Commissioner decided that it was not. We agree.

Warner has used its trademark extensively since 1920, has spent large sums on advertising and enjoys a very valuable goodwill, symbolized by the mark which has acquired a secondary meaning in the field of pharmaceuticals. Wander has used its trademark (which was, in fact, the surname of the founder of the business) since 1951 for the tuberculosis remedy, known as "P.A.S." These facts were taken into consideration by the Assistant Commissioner in reaching her decision as appears from her opinion.

The appellant complains of a number of errors on the part of the Assistant Commissioner, the chief ones being that the conclusions reached by her as to the connotations of the words were not supported by enough evidence [1] but were intuitive or subjective. We think that her conclusions would have been proper had there been no evidence at all. It did not require evidence to enable the Assistant

1. As one authority for this proposition the appellant cited General Shoe Corp. v. Lerner Bros. Mfg. Co., Inc., 254 F.2d 154, 45 CCPA 872. If that opinion be read, it will be seen that the reason why the Commissioner was reversed was that he had relied on too much evidence.

Commissioner to conclude that Wander is a common word and unlikely to create a surname impression and that Warner, although having a common meaning, albeit one seldom met with, creates the impression of being a surname.

In determining whether a likelihood of confusion exists between trademarks "the judgment of the eye and ear is more satisfactory than evidence from any other source." Glenmore Distilleries Co. v. National Distillers Products Corp., D.C.E.D.Va., 23 F.Supp. 928, 931, affirmed 4 Cir., 101 F.2d 479. See Liggett & Myers Tobacco Co. v. Finzer, 128 U.S. 182, 9 S.Ct. 60, 32 L.Ed. 395. These two marks perhaps look somewhat alike but not enough to be confusingly similar, and they do not sound alike. Both parties direct their advertising entirely to physicians and pharmacists—a highly intelligent and discriminating public. The evidence presented fell far short of overcoming the "judgment of the eye and ear."

Affirmed.