51 CCPA

**INDUSTRIAL NUCLEONICS CORPO-RATION, Appellant,**

v.

**MINNEAPOLIS-HONEYWELL REGU-LATOR COMPANY, Appellee.**

**Patent Appeal No. 7121.**

United States Court of Customs and Patent Appeals.

March 12, 1964.

Rich, J., dissented.

William E. Anderson, William E. Lucas, Robert K. Schumacher, Anderson, Luedeka, Fitch, Even & Tabin, Chicago, Ill., Charles M. Hutchins, for appellant.

D. D. Allegretti, Robert C. Williams, Bair, Freeman & Molinare, Chicago, Ill., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

ALMOND, Judge.

Minneapolis-Honeywell Regulator Company filed application [1] to register the trademark "AccuData" for data handling apparatus including amplifiers, power supplies, relay rack fixtures, test equipment and accessories, alleging first use on September 1958. The mark is reproduced below:

*AccuData*

Industrial Nucleonics Corporation filed notice of opposition [2] alleging ownership of the trademark "AccuRay" for industrial beta gauges used in measuring the weight, thickness and area of sheet materials,[3] for radiation gauges used in measuring the physical properties of materials, and control equipment which includes such gauges for regulating industrial processes,[4] also for statistical computation and data reduction systems and component apparatus therefor including computers, counters, classifiers, evaluators, timers, alarms, and information in-

1. Serial No. 101,636 filed July 28, 1960.

2. Opposition No. 40,726 filed February 17, 1961.

3. Registration No. 585,217 registered February 2, 1954.

4. Registration No. 646,469 registered June 4, 1957.

dicators,[5] and for material handling systems and component apparatus therefor including conveyors, electrical and mechanical controls, identifiers, routers, counters, classifiers and sorters.[6] It is alleged that use of the trademark "Accu-Ray" in interstate commerce has been continuous "since in or about the year 1951." All of the Nucleonics' registrations are on the Principal Register. Only the applicant-appellee filed testimony, the opposer-appellant being content to rely on its registrations.

This appeal is from the decision of the Trademark Trial and Appeal Board dismissing the opposition. Appellant's ownership of its registrations and its priority of use of its mark are not challenged.

Appellant's earliest registration presents its trademark as follows:

Appellant's remaining three registrations show the trademark in plain Gothic capital letters.

In evaluating the testimony offered by appellee the board found that appellee "is engaged in the manufacture and sale of a varied line of electronic equipment having industrial, scientific and laboratory application."

The board further found that:

"Although applicant is here seeking to register the mark 'ACCU-DATA' for 'data handling apparatus including amplifiers, power supplies, relay rack fixtures, test equipment and accessories,' so far as can be ascertained from the record offered in its behalf the only products in connection with which applicant has actually used said mark are an electronic amplifier and a rack or frame for accommodating the same. This amplifier is described by applicant's witness as a device for amplifying minute electrical signals without drift and with a desirable freedom from noise to a level sufficient for use in data handling or data presentation systems, and it is stated that such device is primarily intended for use with an oscillograph or a magnetic tape system or a digital data handling system."

Appellant contends that the proof submitted by appellee "falls far short of proving any use on any goods of the mark 'AccuData.' " We do not consider it necessary to enter upon a detailed discussion of the evidence submitted by appellee. It is sufficient to state that the evidence offered by appellee is competent and sufficient to sustain the finding of the board as to the products of appellee in connection with which it has actually used the mark.

The board further found that "the goods identified in applicant's application, as well as the goods for which it actually uses its mark, clearly pertain to the same field of trade" as the goods for which appellant has registered its mark. The record clearly supports this finding.

The only issue remaining is whether the resemblances between the respective marks are such as to be likely to cause confusion or to cause mistake or to deceive. The board held that:

"The mark[s] 'ACCURAY' and 'ACCUDATA' do not look at all alike; their connotations are not the same; and, while they are similar to the extent that both embody the term 'ACCU,' the similarity between them in this respect is considered not to be such as would lead to confusion or mistake or deception, since this term to purchasers would be more than likely to suggest the high degree of accuracy of the goods to which the marks are applied."

We agree with the board that the marks "AccuRay" and "AccuData" do not look alike nor, in our judgment, do

5. Registration No. 714,707 registered May 2, 1961.

6. Registration No. 723,084 registered October 24, 1961.

they have the same sound in pronunciation. The term "Accu" being the same in both marks would of necessity have the same connotation but when the marks are considered in their entireties, this similarity would not be "such as would lead to confusion or mistake or deception."

We have considered the cases cited by appellant, but, as this court has often had occasion to say, prior adjudicated trademark cases have afforded meager assistance in assaying the differences and similarities of competing marks.

In resolving the issue here, we find much efficacy in the statement of this court in Warner-Hudnut, Inc. v. The Wander Co., 280 F.2d 435, 47 CCPA 1172:

"In determining whether a likelihood of confusion exists between trademarks 'the judgment of the eye and ear is more satisfactory than evidence from any other source.' * * * These two marks perhaps look somewhat alike but not enough to be confusingly similar, and they do not sound alike."

In our opinion, the use of "AccuRay" and "AccuData" as contemplated would not be likely to lead to confusion or mistake or deception of the purchasing trade.

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.

RICH, J., dissents.

MARTIN, J., sat but did not participate in decision.