55 CCPA

**DAN RIVER MILLS, INCORPORATED,**
Appellant,

v.

**The YORKE SHIRT CORPORATION,**
Appellee.

**Patent Appeal No. 7903.**

United States Court of Customs
and Patent Appeals.

Feb. 1, 1968.

Eugene Sabol, Fisher, Christen, Sabol & Caldwell, Washington, D. C., for appellant.

S. Stephen Baker, New York City, for appellee.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and WILLIAM H. KIRKPATRICK *

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, 148 USPQ 236 (1965), dismissing an opposition by Dan River Mills, Incorporated, to the registration of "Dante" [1] on the Principal Register for men's outer shirts, application serial No. 165,554, filed March 27, 1963, by The Yorke Shirt Corporation.

Opposer is admittedly the prior user of the registered marks upon which it relies which are, principally, DANTWILL, DANTWEED, DANTUFF, DANTONE, AND DANDEEN.[2] The goods for which it holds the registrations are fabrics and the testimony is that some of the fabrics made by Dan River Mills have long been sold to shirtmakers to make shirts. Opposer, in connection with the sale of its fabrics, supplies users with hang-tags and sew-in labels on which its fabric marks may be displayed in finished garments as indicative of the source of the fabrics.

Recognizing all of these facts and the obvious similarities between "Dante" and opposer's marks, the board unanimously [3]

---

* Senior District Judge. Eastern District of Pennsylvania, sitting by designation.

1. The application drawing shows the mark as "Dante" in ordinary type, the specimen shows the mark as "Danté" in script with the accent over the "e". The board decision was rendered as to the trademark "with or without the diacritical mark." We will treat it in the same way and write the word herein without said diacritical mark.

2. The registration numbers will be found in the published board opinion.

3. We state that the board decision and opinion were unanimous by way of answer to the repeated reference in appellant's brief to the view of the board "majority." It was not in this case that

found that "Opposer has always used its principal trademark 'Dan River' on all of its goods," in addition to the individual markes compounded of DAN and some other word or symbol such as those above exemplified. The board's conclusion was:

> "Dante", with or without the diacritical mark, is the name of the famous Italian poet and would be so recognized by the average purchaser of applicant's goods. Accordingly, it is our opinion that "Dante" is of such nature and character that it creates a commercial impression distinctly different from "Dan", per se, or any of opposer's pleaded marks. It is therefore concluded that purchasers familiar with opposer's fabrics or with shirts made therefrom bearing opposer' house mark "Dan River" and/or its product marks are not likely to be confused as to the origin of applicant's "Dante" shirts.

We are of the same view after careful consideration of appellant's brief. Appellee considers our decision in In re General Electric Co., 304 F.2d 688, 49 CCPA 1186, (1962), pertinent here and so do we. In that case we reversed the refusal to register VULKENE based on the prior registration of VULCAN for similar goods, one of the persuasive considerations being that VULCAN is a well-known name and therefore not likely to be confused with the arbitrary mark VULKENE. We think "Dante" is in the same category. See also Warner-Hudnut, Inc. v. Wander Co., 280 F.2d 435, 47 CCPA 1172 (1960), where, based on an opinion by Judge Kirkpatrick, we affirmed a holding that confusion was not likely between "Wander" and "Warner." The opinion says:

> It did not require evidence to enable the Assistant Commissioner to conclude that Wander is a common word and unlikely to create a surname impression and that Warner, although having a common meaning, albeit one seldom

there was a dissent. Cf. Dan River Mills, Inc. v. Preben Mikael Aerendal Mikkelsen, 145 USPQ 295 (1965), in-

met with [one who warns], creates the impression of being a surname.

"Warner," "Vulcan," and "Dante" have in common the name connotation and the marks relied on by opposer-appellant do not.

The decision of the board is affirmed. Affirmed.

volving DANSK FORM, in which there was a dissent.