**BARTON et al. v. REX–OIL CO., Inc.**

Circuit Court of Appeals, Third Circuit.
April 7, 1928.

On Rehearing December 12, 1928.

No. 3642.

Allen M. Reed and Edward S. Rogers, both of Chicago, Ill., and Edward A. Lawrence, of Pittsburgh, Pa., for appellants.

E. W. McCallister, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The District Court, in dismissing the bill of Warren D. Barton et al. against Rex-Oil Company, Inc., held that the plaintiffs' claimed trade-mark "Dyanshine" for shoe polish was invalid as descriptive of their product and that unfair competition on the part of the defendant had not been established. Barton v. Rex-Oil Co., Inc., 288 F. 878. This court on appeal reversed the decree [Barton v. Rex-Oil Co., Inc., 2 F.(2d) 403, 40 A. L. R. 424], on a finding that the defendant in the exploitation of its product under the mark "Dye & Shine" had competed unfairly with the plaintiffs but declared itself in accord with the decision of the District Court that the plaintiffs' word "Dyanshine" was not subject-matter of a valid trade-mark; holding, however, that, by use and popular recognition, it had acquired a secondary meaning and that the plaintiffs in their use of the word were entitled, not to an injunction, but to protection against its misuse by the defendant. The plaintiffs on that appeal insistently claimed the right to the exclusive use of the words "dye and shine," whether in corrupted or uncorrupted form. In view of what we thought was flagrant misconduct on the part of the defendant, we gave the plaintiffs' contention serious consideration and went to some pains to state the law and make clear the reasons for our decision against them. Nevertheless, when the mandate went down they insisted that this court had in substance directed that the defendant be enjoined from using the words "Dye & Shine" and asked for an injunction, which the learned trial judge, reading the opinion correctly, refused. The plaintiffs then filed a supplemental bill demanding that the court afford them adequate relief and averring that the only adequate and practical relief in the circumstances is that it enjoin the defendant from using the words "Dye & Shine," thus raising anew the old question which this court had fully considered and definitely decided. The learned trial judge dismissed the supplemental bill and the case is here on the plaintiffs' appeal raising substantially three questions:

First (the old question), error by the court in refusing to enjoin the Rex-Oil Company from using the words "Dye & Shine" in connection with its product or business.

Whatever may be the plaintiffs' exigency or our personal inclination in respect to the defendant's description of its product by uncorrupted words that have the precise meaning and sound of the plaintiffs' corrupted word, the fact is that the plaintiffs are confronted and this court is controlled by the law of trade-marks in respect to words with a secondary meaning which, as was said before, does not give the first user an absolute and exclusive right to the words but only gives him the right to be protected against one who later so uses them as to deceive the public and in that way take his trade from him. It follows that the learned district judge was right in refusing to enjoin the use of the words.

The second question arises from the action of the trial court in approving the marks which in obedience to the mandate on the first appeal the Rex-Oil Company places on

its cartons to distinguish its product from that of the plaintiffs. These marks involve a change from the old name "Victory Dye & Shine," standing out in large letters, to similarly prominent and lettered words "Victory Dyes & Shines." We do not think much of the change of the critical words from nouns to verbs, or from singular nouns to plural nouns, whichever it is; but in addition the defendant pastes in prominent position on the outside of its brown cartons white stickers with small but clear type containing this statement:

### Notice.

This preparation is not "Dyanshine" manufactured by Barton Manufacturing Co. and is not to be dispensed as such, and is not to be used by jobbers and retailers when filling orders or meeting calls for "Dyanshine."

So long as the words "dye and shine," whether corruptively joined or correctly separated, have the same sound and meaning and can be used by both parties in describing their products, we cannot say that the marks which the court has approved are not sufficient. In view of the inherent difficulty in distinguishing cartons by marks having like sounding and like meaning words and in view of the disposition of some traders to press favored wares for sale, it may be impossible to render the plaintiffs complete justice without enjoining the use of the words by the defendant. Yet the law of trade-marks with respect to words having a secondary meaning prevents the court from doing that thing. We think the learned trial judge did all he could to protect the plaintiffs in the circumstances. Nothing in this opinion, however, should be construed as sanctioning anything less.

■ The third and remaining question concerns an accounting. The trial court, on receiving the mandate of this court following the appeal on the original bill, referred the case to a master for an accounting but for damages only. We understand that reference is still outstanding. The plaintiffs by their supplemental bill asked for an accounting as to both profits and damages. As no accounting had been ordered when the first appeal was here, this court expressed no opinion as to the scope of an accounting which thereafter might be ordered, whether limited to damages or extended to profits. As the trial court dismissed the supplemental bill, it of course had no occasion to refer the case for an accounting, yet the plaintiffs have assigned as one of the court's errors its refusal to order an accounting for profits and damages under that bill. So we have a situation in which the question of an accounting was not raised by appeal on the first bill and could not be raised by appeal on the second. The matter of accounting, therefore, was not, and is not now, before this court.

The decree below is affirmed.

### On Petition for Rehearing.

The appellants, feeling aggrieved by what they conceived to be inadequacy of the relief afforded by this court's approval of the trial court's final decree in the case on the original bill, 2 F.(2d) 402, 40 A. L. R. 424, filed a petition for rehearing challenging our conclusion that they, being merely owners of a mark with a secondary meaning, were entitled not to an injunction against use by the appellee of the words "dye and shine" but only to protection against their use in such a way as to confuse and deceive the public as to the origin and identity of the competing products. The petition was allowed.

■ At the rehearing the appellants contended, and have succeeded in convincing us, that as a matter of fact the only way to prevent such confusion and deception in this case is to enjoin the appellee from using these words as the name of its product and from using them so positioned, spelled and printed on its cartons and advertising matter as to resemble a name for its product. Moreover, the complainants have satisfied us that on a definite and unequivocal finding of fact of this kind the law affords the remedy of injunction against the use of words which in instances such as this have acquired only a secondary meaning when those words are used as the name of a product as distinguished from their use in describing it. Baglin v. Cusenier, 221 U. S. 580, 31 S. Ct. 669, 55 L. Ed. 863; Shaver v. Heller & Merz Co. (C. C. A.) 108 F. 821, 832, 65 L. R. A. 878; Siegert v. Gandolfi (C. C. A.) 149 F. 100, 102; Standard Paint Co. v. Rubberoid Roofing Co. (C. C. A.) 224 F. 695; Photoplay Publishing Co. v. LaVerne Pub. Co. (C. C. A.) 269 F. 730; Trappey v. McIlhenny Co. (C. C. A.) 281 F. 23, 25, 28; Andrew Jergens Co. v. Bonded Products Corp. (C. C. A.) 21 F.(2d) 419, 424; Thompson v. Montgomery, 41 Ch. D. 35, 8 R. P. C. 361; Powell v. Birmingham Vinegar Brewery Co., 2 Ch. 54, 12 R. P. C. 496, 515, 13 R. P. C. 235, 253, 263; Reddaway v. Banham, A. C. 199, 13 R. P. C. 218; Sebastian on the Law of Trade-Marks (5th Ed.) 278.

Being now of a different mind, we are constrained to reverse the decree, which in fairness to the learned trial court we must say it entered only because of the mandate of our previous decision, with direction that

it reinstate the supplemental bill and enjoin the appellee from using the words "dye and shine" in any way, form, arrangement, or manner of spelling as the name, or as resembling a name, of its product, leaving it free, of course, to use these words merely and exclusively in describing the qualities and characteristics of the product.