## VAN CAMP SEA FOOD CO., Inc., v. PACKMAN BROS.

### No. 4490.

District Court, D. New Jersey.

Sept. 9, 1933.

George D. Rothermel, of Camden, N. J., and Albert J. Fihe, of Chicago, Ill., for complainant.

Leon T. Hooper, of Hammond, Ind., for defendant.

AVIS, District Judge.

The complainant's action is based upon its right to use the trade-name "Chicken of the Sea," as applied to tuna fish packed in cans. It appears that this trade-mark was originally applied to the product, packed and canned tuna fish, by White Star Canning Company as early as 1912; that on December 22, 1913, it filed in the United States Patent Office its application for registration of said trade-mark; that on May 19, 1914, the said trade-mark was duly registered, and a certificate of registration therefor, numbered 97,192, was duly issued, and was in full force and effect at the time of the grievances complained of in the bill of complaint. It is further claimed, and not disputed, that since March 21, 1923, said trade-mark so registered has been, and now is, the property of the complainant.

The evidence shows that the trade-mark has been continuously used by complainant on its product, packed and canned tuna fish, from that date to the time of the commencement of this action.

Complainant contends that defendant in the use of the same words "Chicken of the Sea," as applied to the defendant's product of the same character, packed in a container of the same general form and appearance, has infringed the trade-mark and trade-name so registered by complainant, and prays that injunction may issue against defendant, and also for an accounting for profits and damages.

Defendant admits that it uses the mark or words "Chicken of the Sea" in marketing its product of the same general character, packed in similar containers, but denies infringement, claiming that complainant's trade-mark is invalid and illegal, and claims that the defense is based upon the provisions of the statute

(15 USCA § 85 (b), which in part, and so far as it is material to this case, reads as follows: "That no mark which consists ٭ ٭ ٭ merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods ٭ ٭ ٭ shall be registered under the terms of this subdivision of this chapter."

Defendant contends that the words "Chicken of the Sea," the dominating word therein being "Chicken," is purely descriptive of the fish so packed, or of the character or quality of such goods.

The bill of complaint claims the right to a technical trade-mark, and a reading of it seems to indicate that complainant relies upon the validity of this trade-mark for relief. Some other points were argued, however, and counsel for defendant in his brief uses the following language:

"Complainant further argues that if it be conceded that its mark is descriptive, yet it should be sustained as a valid trade-mark because it has acquired a secondary meaning.

"It is difficult to see how the question of a claim of secondary significance or secondary meaning for the mark 'Chicken of the Sea' arises in this case. However, if this Court has no objection to also considering the matter, defendant hopes that every possible question relating to this case will be considered and determined herein."

In the broadest sense, and if the pleadings were drawn to cover, the controversy would consist of the disposition of three points:

First. Does the complainant own a valid and existing registered trade-mark in the words "Chicken of the Sea?"

Second. If not, have the said words, so used by complainant and its predecessor in title, for many years, acquired a secondary meaning, which entitles complainant to the exclusive use thereof in marketing canned tuna fish, its product?

Third. If the words have acquired such a secondary meaning, has the defendant, in the use of the identical words, on canned tuna fish, its product, unfairly competed to such an extent as to warrant an injunction and accounting?

If the first point to be considered is decided in favor of the complainant, the case is disposed of on that issue. If complainant's trade-mark is valid, defendant is an infringer, and should be restrained from using the trade-name.

The fact that the trade-mark is registered is prima facie evidence of its validity, although this presents no embarrassment to this court in a suit of this character.

On this question defendant relies upon two cases decided in the Ninth Circuit; the first being the case of Van Camp Sea Food Co., Inc., v. Westgate Sea Products Co., reported in 28 F.(2d) 957. In that case, the complainant in the instant case, claiming the technical trade-mark of "Chicken of the Sea," filed a bill against the defendant in the District Court (S. D. Calif. S. D.), alleging that the defendant's use of the words "Breast-O'-Chicken" on canned tuna fish was an infringement of the trade-mark. The District Court, on motion of the defendant, dismissed the bill. No evidence was submitted. The ground for dismissal was that the words "Chicken of the Sea" were descriptive of the goods so produced and marketed, and therefore not entitled to registration.

The Circuit Court affirmed the District Court in its order of dismissal, and incidentally suggested that the word "Chicken," as applied to tuna fish, was descriptive of the goods.

Special circumstances in that case, such as the fact that complainant relied entirely upon its technical trade-mark, and stressed the word "Chicken" as the dominant and, apparently, only word in its trade-mark, upon which it relied to sustain the same, affected the conclusion and opinion of the court. While the question of the validity of the trade-mark as a whole was not passed upon, the opinion demonstrates that the court concluded that the word "Chicken," as applied to tuna fish, was descriptive.

The second case is that of Van Camp Sea Food Co., Inc., v. Cohn-Hopkins and others, 56 F.(2d) 797. Issue was joined in the District Court (S. D. Calif. C. D.) in these cases, and upon final hearing the bills were dismissed. These suits involved the alleged infringing marks of "Breast-O'-Chicken," "White Chicken," and "Better-than-Chicken."

Judge Wilbur, in discussing the claim that the word "Chicken" is descriptive, suggested that it might refer to the product as being "young" or "tender," and that the testimony taken in that case indicated that the packed tuna "looks and tastes like chicken."

From these discussions, it is clear that the judges of the Ninth Circuit came to the complete conclusion that the claimed trade-mark "Chicken of the Sea" was invalid, and should not have been registered under the provisions of the statute hereinbefore mentioned and quoted.

Counsel for complainant calls attention to two cases in the Court of Customs and Patent Appeals. The first is the case of Van Camp Sea Food Co., Inc., v. Westgate Sea Products Co., 48 F.(2d) 950. The Commissioner of Patents had granted registration to the trademark "Breast-O'-Chicken," based upon the decision of the first case in the Ninth Circuit. The court reversed the action of the Commissioner and canceled the registration. After discussing the Ninth Circuit case, the court said: "Appellee concedes that appellant's trade-mark is valid, and that question is, therefore, not before the court in this case." Page 951 of 48 F.(2d).

That decision is based mainly upon the theory that the appellant had by long use popularized its goods and trade-mark, and that the trade-mark "Breast-O'-Chicken" would tend to confuse the public, and that the law did not require that names should be carefully analyzed and dissected by the consuming public. That decision was rested entirely on the attitude which should be assumed by the Commissioner, under the law, and the circumstances of that case, without deciding the validity of the trade-mark involved in the instant case. No attack was made upon the registrability of the complainant's trade-mark.

The second case is that of Van Camp Sea Food Co., Inc., v. Alexander B. Stewart Organizations, 50 F.(2d) 976. This case involved the registered trade-mark "White Chicken," prepared and registered by appellee, in which case the Commissioner had likewise granted registration. The court discussed the cases in the Ninth Circuit, and held that the trade-mark "Chicken of the Sea" was registrable, was not descriptive, but suggestive only. However, the distinction between the duties and jurisdiction of the Court of Customs and Patent Appeals and that of a District Court is clearly pointed out in this decision. In the opinion it is said that the Patent Appeals Court determines the correctness of the Commissioner's ruling on registrability of the trade-mark, whereas the jurisdiction of the District and Circuit Courts involves the right to use.

In that case no attack was made upon the trade-mark of complainant, and the court referred to section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85), as providing definitely that a trade-mark shall not be registered if such mark is so similar to a mark owned and used by another, when used upon goods of the same descriptive properties, as to be likely to cause confusion.

The court in that case further said:

"If 'Chicken of the Sea' is descriptive of the goods, it is, of course, an invalid trademark, and should not have been registered, and, under the authority of the Trade-Mark Act, it could be cancelled upon proper petition. * * *

"In this view of the case, it is regarded as proper for us to consider, somewhat in detail, the characteristics of the mark 'Chicken of the Sea' with respect to whether it is descriptive or suggestive, not with a view, however, of passing judgment upon the validity of appellant's mark." Pages 978 and 979 of 50 F.(2d).

These decisions in the Patent Appeals Court are based upon the duties of the Commissioner under given circumstances, and are clearly differentiated from the Ninth Circuit cases, wherein the validity of the complainant's trade-mark was directly attacked.

On the question of validity, I have come to the conclusion that the trade-mark "Chicken of the Sea" is descriptive of the goods, canned tuna fish, upon which it is used by complainant. Whether the word "Chicken" is looked upon as describing tuna as young, tender, or that it looks like chicken, or tastes like chicken, it is nevertheless descriptive of the "character" or "quality," or both, of the complainant's product. The words "of the Sea," as I see it, do not add to, or detract from, the conclusion that the whole trade-mark is invalid.

It is true that the line of demarcation between descriptive and suggestive trade-marks is sometimes very finely drawn in the decisions. My personal inclination, as well as the precedent established in the Ninth Circuit cases, requires the above conclusion.

This decision requires that the court proceed to a consideration of the second point herein stated. From the facts and arguments, I am satisfied that the words "Chicken of the Sea," as appropriated and used by complainant and its predecessor for a period of approximately twenty years, was the first use of the phrase in a manner to entitle any one to its exclusive use. There is some testimony which indicates that at some time prior to its adoption and application by complainant's predecessor some person or persons verbally used the words to describe tuna fish, but no one applied it in actual practice to the goods, prior to the time it was displayed on goods of complainant's predecessor. By this use the phrase has undoubtedly acquired a secondary meaning, indicating the product

of the complainant, and the public has unquestionably become accustomed to associate the words with the complainant's goods.

The used trade-mark having, in my opinion, acquired a secondary meaning, the next point to be considered is the third, which raises the question of what rights are bestowed on the complainant under this construction of fact.

No property rights, such as follows a technical valid registered trade-mark, are vested in the complainant, but relief can be given complainant only if based on unfair competition. No testimony was produced showing the trade tactics of the defendant. There was an admission that the defendant marketed and sold to the same trade, or some of it, as did the complainant, white canned tuna fish in containers of the same size, and having the same general appearance. The defendant's label is the same size in length and width, and has printed thereon in display type the words "Chicken of the Sea," the exact duplicate in words of the mark of the complainant. It also displays the words "Net Weight 7 Oz," duplicating the same words on complainant's label. The word "Tuna" also appears on both labels. It is true that in other respects the labels are dissimilar. The colors are different, and a careful buyer would probably be able to distinguish between the two. However, I am satisfied the ordinary buying public would be easily deceived, and that in the large proportion of cases the product of the defendant would be readily accepted as the product of the complainant because of the exact duplication of the phrase "Chicken of the Sea." I come to this conclusion, notwithstanding the fact that no testimony was offered showing the business practices of the defendant, holding as a fact that the exact duplication of the name at so late a date as 1932 evidences unfair competition.

I have applied to the facts as I have found them the law set out in two opinions by Judge Woolley in decisions in the Third Circuit, in the case of Barton v. Rex-Oil Co., the first case reported in 2 F.(2d) 402, 40 A. L. R. 424, and the second in 29 F.(2d) 474.

If counsel desire further findings of fact or conclusions of law than contained herein, application may be made before signing of the decree.

A decree will be entered in accordance herewith, and directing injunction against defendant in accordance with prayer of the bill, restraining the defendant from using the words "Chicken of the Sea" on canned tuna fish.

Terms of decree will be settled on notice.