**VAN CAMP SEA FOOD CO., Inc., v. PACKMAN BROS.**

**PACKMAN BROS. v. VAN CAMP SEA FOOD CO., Inc.**

**Nos. 5428, 5470.**

Circuit Court of Appeals, Third Circuit.

Sept. 18, 1935.

Albert J. Fihe, of Chicago, Ill., for Van Camp Co.

Leon T. Hooper, of Hammond, Ind., for Packman Bros.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

These are cross-appeals from a decree of the District Court in a suit brought by the Van Camp Sea Food Company against Packman Brothers, for infringement of a trade-mark and trade-name and unfair competition.

For more than a score of years, Van Camp has packed tuna fish in cans and labeled it under the name "Chicken of the Sea." The name was registered as a trade-mark in 1914. Van Camp has continuously used it since that time. Until recently its use was exclusive.

Packman Brothers admits the use of the name "Chicken of the Sea" on its canned tuna fish, but it denies infringement and unfair competition on the grounds that the name is descriptive of the goods or the quality thereof and that the name could not acquire, and had not acquired, a secondary meaning.

In a carefully considered opinion, the District Court held that the trade-mark "Chicken of the Sea" was descriptive and invalid, but that by long and exclusive use the name had acquired a secondary meaning which belonged to Van Camp, and that under the evidence before the court Packman Brothers was guilty of unfair competition. Van Camp Sea Food Co., Inc. v. Packman Brothers, 4 F. Supp. 522.

Whether or not the trade-mark "Chicken of the Sea" is invalid is a close question, and the Court of Custom Appeals has held contrary to the court below, that the name "Chicken of the Sea" is not descriptive but merely suggestive of tuna fish and that it was properly registered as a trade-mark. Van Camp Sea Food Co. v. Westgate Sea Products Co., 48 F.(2d) 950; Van Camp Sea Food Co. v. Alexander B. Stewart Organizations, 50 F.(2d) 976.

But the District Court relied on the authority of Van Camp Sea Food Co. v. Westgate Co., 28 F.(2d) 957 (C. C. A. 9), certiorari denied 279 U. S. 841, 49 S. Ct. 263, 73 L. Ed. 987, and Van Camp Sea Food Co. v. Cohn-Hopkins, 56 F.(2d) 797 (C. C. A. 9), certiorari denied 286 U. S. 561, 52 S. Ct. 643, 76 L. Ed. 1294.

We have carefully considered the arguments of counsel and are constrained to hold, particularly since the Supreme Court twice refused to grant certiorari in the cases cited next above, that the name "Chicken of the Sea" is not a valid trademark.

But in view of the law and the facts before it, the District Court was clearly right in holding that Van Camp's tradename had acquired a secondary meaning and the use of it by Packman Brothers constituted unfair competition.

The decree of the District Court is affirmed for the reasons set forth in its opinion.