## LITTLE TAVERN SHOPS, Inc., v. DAVIS.

### No. 4688.

Circuit Court of Appeals, Fourth Circuit.

Jan. 6, 1941.

Milton J. Kibler, of Washington, D. C. (James J. Gorman, Jr., of Washington, D. C., and Gerald Kerr, of Baltimore, Md., on the brief), for appellant.

No appearance for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

Little Tavern Shops, Inc., a Kentucky corporation, the owner and operator of food shops in the City of Baltimore, sought, as plaintiff in the District Court, to enjoin the use of the words "Little Tavern" in connection with a drinking saloon and eating place conducted by the defendant in that city.

The corporation has been operating eating shops in Baltimore and elsewhere, now

numbering thirteen in various parts of that city, for the past twelve years under its corporate name. These shops are small in size and of a distinctive kind of architecture. They conspicuously display upon the exterior of the buildings signs which contain the words "Little Tavern", and also at some locations the words "Little Tavern Shops" are painted on the walls. The signs are red and green in color, and are illuminated at night with Neon signs. Soups, sandwiches, soft drinks and pastries are sold; in some instances, beer also, and in one instance, hard liquor. A substantial business has been built up which in gross amounted in Baltimore alone to more than a half million dollars in 1939.

On May 21, 1929, the plaintiff, proceeding under the Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., secured the registration of the words "Little Tavern Shops" for sandwiches, stating that the trade mark had been applied or affixed to the goods or to packages containing the same, by placing the goods in a bag upon which the trade mark was stamped. In the trade mark, as filed in the Patent Office, there was a horizontal elongation of the letter "L" in the word "Little", and of the letter "T" in the word "Tavern".

The defendant for three years has operated a corner store on the first floor of a small two story building on a main thoroughfare of the city. Soups, sandwiches, meals, beer and hard liquor are sold. The building is not of a distinctive style. It bears a large sign overhanging the pavement bearing in vertical alignment the four words "Hubbard's Little Tavern Liquors". The words "Little Tavern" are two or three times as large as the word "Hubbard's", and larger than the word "Liquors". The sign is painted on a green background, and at night is illuminated so as to appear red; but the word "Hubbard's" is not lighted, and is not readily visible at a distance.

The testimony shows quite clearly that a considerable number of the customers of the plaintiff, when visiting its stores, have inquired whether the defendant's store is owned or operated by the plaintiff. In some instances, the testimony indicated, customers of the plaintiff had patronized the defendant's establishment in the belief that it was operated by the plaintiff.

Upon these facts, the District Judge denied the injunction prayed and dismissed the bill. He was of the opinion that there was no simulation of the plaintiff's mark or name, on the part of the defendant, pointing out that the words were common terms descriptive of the stores upon which they were used, and not employed in a peculiar form or style. He held that the words had not acquired a secondary meaning; and that, in any event, since the defendant used the words only in connection with the word "Hubbard's", no rights of the plaintiff had been violated. The uncontradicted evidence of confusion on the part of the public was held to be unreasonable in view of what met the eye of the average customer, and hence to be without substantial value.

■ Although the complaint sets forth a claim to the registered trade mark, the gist of the action is unfair competition by simulation of complainant's trade name. It is alleged in effect that the plaintiff has been conducting its business since November 1, 1928, under the name described in its registered trade mark, and that the defendant is now making use of the same name to the confusion of the public. The courts recognize a right of property in a trade name which has been adopted by a person to denominate his business, and has been so used by him in association therewith as to acquire a special significance as the name thereof. American Steel Foundries v. Robertson, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317; Standard Oil Co. of Maine v. Standard Oil Co. of New York, 1 Cir., 45 F.2d 309; Standard Oil Co. of New Mexico v. Standard Oil Co. of Calif., 10 Cir., 56 F.2d 973; Restatement of Torts, § 716.

"It is well settled in the law of unfair competition that a corporate name or tradename used in connection with the business to which it relates may become an asset of great value; that, when it does, it partakes of the nature of a property right; and that equity will enjoin a newcomer in the field from the appropriation and use of a tradename which bears sufficient resemblance to that of the pioneer as to be likely to produce uncertainty and confusion of identity with resulting injury to the business of the senior." Western Auto Supply Co. v. Knox, 10 Cir., 93 F.2d 850, 852.

■ When, by association with a business, a trade name has acquired a special significance as the name thereof, it will be protected by the courts even though it may have been a descriptive term in its original meaning. Restatement of Torts, § 716,

Comment A; Richmond Remedies Co. v. Dr. Miles Medical Co., 8 Cir., 16 F.2d 598; Barton v. Rex-Oil Co., 3 Cir., 2 F.2d 402, 40 A.L.R. 424; Id., 3 Cir., 29 F.2d 474; Chapin-Sacks Mfg. Co. v. Hendler Creamery Co., 4 Cir., 254 F. 553; Charles Broadway Rouss, Inc., v. Winchester Co., 2 Cir., 300 F. 706; Rubber & C. H. T. Co. v. F. W. Devoe & C. T. Reynolds Co., D.C.N.J., 233 F. 150. ·

■ There can be no doubt that the plaintiff's corporate name is descriptive of the kind of places in which its business is conducted. Whether or not the name has acquired a secondary meaning, within the sense described, is a question of fact. We think that in this case the existence of the fact has been established. There is not only the evidence that the plaintiff has used the name for twelve years in Baltimore and elsewhere, and that it conducts ·thirteen stores of the same general character and appearance in that city, but also the testimony of a number of customers shows that they have been led to believe that the defendant's store was one of the plaintiff's group, and some of the customers have patronized the defendant's store in that belief. This evidence is not denied. It is plausible in character, and its weight, rather than its credibility, was criticized by the District Judge. In our opinion, the circumstances adverted to were sufficient to give rise to a secondary meaning. It is not necessary for· the acquisition of such a meaning that the name be written in·a particular or distinctive manner. This requirement relates only to the registration of the name of an individual, firm or corporation as a trade mark under § 5 of the Trade Mark Act of February 20, 1905, 15 U.S.C.A. 85, which relates to registration, but not to the substantive law of trade marks. American Steel Foundries v. Robertson, 269 U.S. 372, 381, 46 S.Ct. 160, 70 L.Ed.·317; Thaddeus Davids Co. v. Davids Mfg. Co., 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046, Ann. Cas.1915B, 322.

■ The question then arises as to whether there has been such an appropriation of the plaintiff's trade name as to entitle it to relief. The rule is that a person's trade name is infringed when another uses the identical or a confusingly similar trade name as the designation of his business, even though he does not use it for purposes of deception. It is sufficient if the natural and probable consequence of his acts is to pass off his business as that of the plaintiff. See the cases above cited and Queen Mfg. Co. v. Isaac Ginsberg & Bros., 8 Cir., 25 F.2d 284; S. S. Kresge Co. v. Winget Kickernick Co., 8 Cir., 96 F.2d 978; Restatement of Torts, §§ 717, 728. ·

■ In our opinion, the defendant has made such use of the significant words "Little Tavern" in the plaintiff's name. The evidence tending to show that the words have come to indicate the plaintiff's business also shows that members of the public are likely to be misled and have actually mistaken defendant's establishment for one of the plaintiff's. This is sufficient to indicate the existence of the fundamental · evil which the law of trade marks· and of unfair competition is designed to remedy. It is no answer to point out that the defendant's name is not identical with that of the plaintiff. The only differentiation is the addition upon the defendant's sign of the word "Hubbard's" in much smaller and less conspicuous letters than the words "Little Tavern". The insufficiency of this alteration has been proved by the evidence; and it has been well said that the mere use of one's own name in connection with the trade name or trade mark of another is not alone sufficient to obviate misappropriation, when sufficient similarity, resulting in unfair competition, remains. Indeed·the addition of the defendant's name may merely aggravate the wrong, since it may give the defendant the benefit of the plaintiff's reputation. Menendez v. Holt, 128 U.S. 514, 9 S.Ct. 143, 32 L.Ed. 526; Jacobs v. Beecham, 221 U.S. 263, 31 S.Ct. 555, 55 L.Ed. 729; Shaver v. Heller & Merz Co., 8 Cir., 108 F. 821, 65 L.R.A. 878.

We conclude that the plaintiff is entitled to an injunction whereby the defendant will be forbidden to use the sign described in the evidence, or to use the words "Little Tavern" as the name of her business, or in any other way that will lead the public to believe that her place and those of the plaintiff are under the same ownership or management. The judgment of the District Court will be reversed and· the case remanded in order that a judgment may be entered in accordance with this opinion.

Reversed and remanded.