**GENERAL MOTORS CORPORATION et al. v. CIRCULATORS & DEVICES MFG. CORPORATION.**

District Court, S. D. New York.

April 29, 1941.

Cooper, Kerr & Dunham, of New York City (Drury W. Cooper and Thomas J. Byrne, both of New York City, of counsel), for plaintiff.

Louis N. Field, of New York City (Louis N. Field and Alfred A. Stander, both of New York City, of counsel), for defendant.

BYERS, District Judge.

The plaintiffs' cause in unfair competition is based upon the defendant's use of the word "Frigid" in such close relation to the word "Air" in the expression "Frigid Air Circulators"—meaning fans—that the trademark of the former "Frigidaire" has been simulated.

There are few, if any, contested issues of fact, and it is clear that the plaintiffs are entitled to the injunction prayed for in the complaint. The evidence establishes:

(1) "Frigidaire" is a trade-mark of wide repute, which was adopted by the plaintiff's predecessor in September, 1918, for refrigerators and refrigerating apparatus, and it was used extensively in connection therewith from that time forward until the filing of the complaint.

(2) The said trade-mark was also applied by the plaintiff's predecessors in about 1930 to devices known as air conditioning units for the cooling and conditioning of air within buildings and other structures.

(3) On or about November 30, 1936, the plaintiff General Motors Corporation duly acquired by succession the business, trademark and good-will of its predecessors which had established, expanded and con-

ducted the manufacture and sale of refrigerators, refrigerating apparatus and air conditioning units so identified with the trademark Frigidaire; and since that date the plaintiff General Motors Sales Corporation (a wholly owned subsidiary of the first-named plaintiff) has been engaged in selling to the public such devices bearing that trademark.

(4) Electric fans were and are incorporated into and form an integral part of such devices.

(5) The first-named plaintiff has the exclusive right to use the said trade-mark on such devices of its own manufacture.

(6) The said trade-mark is of substantial value to the said plaintiff, and its business in the devices to which it applies is extensive.

(7) The said trade-mark has been rendered familiar to the public as the result of extensive and costly advertising, and has come to identify these products of the plaintiffs in the public understanding.

(8) The defendant was incorporated in June of 1938, and ever since has been engaged in assembling and selling electrically operated fans for use as such in promoting the circulation of air in rooms, offices and the like.

(9) With actual knowledge of the nature, extent and character of the plaintiffs' said business and trade-mark, the defendant has advertised and sold its fans under a confusingly close adaptation of the plaintiffs' said trade-mark, by so displaying the word "Frigid" in association with the word "Air", as to result in their use as "Frigid Air" as the trade-mark applied to and advertised in connection with the fans so assembled and sold by the defendant.

(10) Such conduct by the defendant was deliberate and intentional, and constituted a form of unfair competition with the plaintiffs, in that it was consistent with a purpose to associate, in the minds of purchasers, the fans so assembled and sold by the defendant, with the said business and trade-mark of the first-named plaintiff.

It results from the foregoing, and is concluded, that the plaintiffs are entitled to an injunction against the defendant, forbidding it to employ the words "Frigid" and "Air" in any such relation and in any form which can result in their use so as to approximate, in sound or appearance, the said plaintiff's trade-mark "Frigidaire", in connection with electrically propelled fans or blowers.

## Opinion.

The findings embrace the essential elements of this controversy and but brief discussion thereof is permissible.

The fact that defendant chose to resort to the expression "Air Circulators" instead of the shorter and more familiar word "Fans" in its advertising matter, indicates, without more, its anxiety to seize upon some pretext to employ the word "Air" with "Frigid" in connection with a business that is akin to that of the plaintiff.

Therein the defendant's purpose was unmistakably laid bare.

It is true that the plaintiffs do not make and sell electric fans as such; but the devices made and sold under the trade-mark "Frigidaire" include them as necessary constituents, and the protection of the trade-mark must extend to all autonomous elements necessarily embodied in the products to which it applies. If this were not so, the opportunities for unfair competition would be greatly increased.

The fact that the defendant sells fans alone, and not refrigerating apparatus, etc., does not entitle it to imitate or confiscate the plaintiff's trade-mark, for reasons expounded in L. E. Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272.

Sight has not been lost of the further fact that defendant also uses the trade-mark "Circo", and while it may of course use as many marks as it chooses, so long as it does not thereby purloin the property of others, the circumstance is not without its bearing upon the course of conduct reflected in the testimony and exhibits in this case.

The plaintiff urges, presumably under its prayer for further relief, that it may bar the use of the word "Frigid" alone, as applied to the defendant's fans; first, because the evidence shows that it was used unfairly, and solely to couple it with "Air" to the invasion of the plaintiffs' rights; and, secondly, because a manifest linguistic distortion results from its application to a fan which merely promotes circulation but does not create a state of relative frigidity.

I should not suppose that the second ground would support an injunction, however desirable it is to promote the use of reasonably accurate verbiage in the realm of trade-marks. The first reason is more persuasive, but goes somewhat beyond the decided cases, except perhaps Barton v. Rex-Oil Co., Inc., 3 Cir., 29 F.2d 474.

There a coined word was simulated by the juncture of two that were not, and the use of the latter was forbidden on rehearing. This defendant employs, inaccurately, a common adjective, and when used alone, perhaps it may not infringe the plaintiff's coined word. At least, there is no evidence that confusion has resulted from the defendant's various activities, including its misleading advertising. It seems that, within this record, the Court may not go so far as to enjoin the use of "Frigid" alone, in the absence of evidence to support a conclusion that injury to the plaintiffs' business is fairly to be anticipated therefrom, or has indeed been shown.

Nor is it apparent that the evidence calls for an assessment of profits and damages through an accounting, but if the plaintiffs are otherwise advised, the subject can be further considered on settlement of the decree, which is hereby ordered, with costs, to the plaintiffs.

If additional findings and conclusions are deemed requisite, they may be settled at the same time.