Juanita TRINKLE, Plaintiff,

v.

AMERICAN EMPLOYERS' INSURANCE
COMPANY, Defendant.

Civ. A. No. 3837.

United States District Court
W. D. Kentucky,
at Louisville.

Dec. 11, 1959.

Edward M. Post, Taustine & Post, Louisville, Ky., for plaintiff.

Norman A. Curtis, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This action was tried to the Court without a jury November 23, 1959. At a pre-trial hearing held September 30, 1959, it was agreed by counsel that the sole question at issue between the parties was whether or not Vernon Williamson was driving the automobile mentioned in the complaint with the consent or permission of Gordon's Furniture & Appliance Company on the occasion of the accident out of which this action arose. From the depositions filed and the testimony adduced at the trial, this Court makes the following findings of fact.

## Findings of Fact

1. Gordon's Furniture & Appliance Company, Inc., is, and was on August 31, 1958, a Kentucky corporation engaged in the operation of a retail furniture and appliance store in Okolona, Jefferson County, Kentucky.

2. On August 31, 1958, Vernon D. Williamson was an employee of Gordon's Furniture & Appliance Company, Inc., (hereinafter referred to as Gordon's Furniture) and resided at 2101 McClosky Avenue in Louisville, Jefferson County, Kentucky.

3. Prior to August 31, 1958, Gordon's Furniture had acquired a 1953 Chevrolet station wagon, on which the defendant American Employers' Insurance Company issued its policy of liability insurance dated July 29, 1958. By the terms of said policy the Insurance company agreed to pay on behalf of the insured, within the limits specified, all sums which Gordon's Furniture became obligated to pay as damages because of bodily injuries sustained by any person caused by accident and arising out of the ownership, maintenance, or use of the automobile. The policy contains an omnibus clause which defines "insured" as including "the named insured and * * * any person while using the automobile * * * provided the actual use of the automobile is by the named insured" or with his permission.

4. Vernon D. Williamson paid his employer, Gordon's Furniture, $6 per week for the privilege of using its automobile in going to and from work. The proof shows that, in addition to using the automobile in going to and from his home and the store, Williamson used it on some other occasions, both on missions for the company and on personal missions such as shopping for himself. The station wagon was utilized by the company in delivering rugs and small pieces of furniture, also in assisting customers and prospective customers in various ways; it was kept at Williamson's home at night.

5. On the evening of August 30, 1958, Williamson left Gordon's Furniture at approximately 7:00 P.M., ostensibly to go to his home. He stopped at a tavern, in connection with which there was a dance hall; he had a sandwich and had drinks, the number of drinks seemed to be somewhat uncertain. At any rate, when the tavern was being closed about 1:30 A.M., on August 31, 1958, Williamson proposed to the plaintiff, Mrs. Juanita Trinkle, that he take her home. Mrs. Trinkle had been at the tavern, about midnight she had walked home with her boy friend, and then returned to the tavern. She and Williamson were unacquainted until their chance meeting at the tavern on this occasion. Instead of driving Mrs. Trinkle to her home, Williamson drove some 40 or 50 miles away from Louisville to Bardstown and Mt. Washington, and somewhere en route the accident occurred in which Mrs. Trinkle was injured.

6. October 3, 1958, Juanita Trinkle filed a suit against Williamson in the Jefferson Circuit Court, which resulted in a judgment in her favor in the sum of $11,468.85.

7. August 17, 1959, Juanita Trinkle filed a suit in this Court against American Employers' Insurance Company to enforce the satisfaction of her judgment against Williamson, claiming that he was an insured under the omnibus clause of the indemnity policy issued to Gordon's Furniture by the defendant insurance company.

The sole question involved in this case is whether or not Williamson was using the automobile of Gordon's Furniture with its permission and consent on the occasion when the accident occurred. In his brief filed November 5, 1959, counsel for Mrs. Trinkle concedes that Parker Bandy, Manager of Gordon's Furniture, "never expressly authorized Williamson to use the station wagon on his personal business." Counsel states, "Plaintiff concedes this to be true and has never attempted to take a contrary position." As the Court understands counsel's contention, it is that Bandy gave Williamson permission to use the station wagon strictly for transportation to and from

his home, unless otherwise directed to use it for company business. Counsel contends that, there being no explicit prohibition forbidding the use of the automobile by Williamson on occasions such as that on which the accident occurred, Williamson had the consent and permission of Gordon's Furniture to use its automobile on the night of the accident. In his deposition and in his testimony at the trial, the witness Bandy testified that Williamson had no authority from Gordon's Furniture to use the station wagon for pleasure trips and that, in addition, there was an explicit prohibition against such use of the automobile or any use of it by him after business hours except in going to and from his home and the store.

8. The Court finds as a fact that on the occasion of the accident Williamson was not using the station wagon for any purpose in furtherance of the business of Gordon's Furniture.

9. The Court further finds as a fact that the use of the station wagon by Williamson in taking Mrs. Trinkle on the trip from the tavern to Bardstown and Mt. Washington, during which trip the accident occurred and she received her injuries, was not with the consent or permission of Gordon's Furniture.

### Conclusions of Law

This being an action in which the jurisdiction of this Court inheres because of diversity of citizenship between plaintiff and defendant, the law of Kentucky controls. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

In the recent case of Scott v. Massachusetts Bonding & Insurance Company, 273 S.W.2d 350, 352, speaking for the Kentucky Court of Appeals on the proper construction on an omnibus clause such as the one involved in the policy in the case at bar, Judge Stewart said:

"The motor vehicle involved here is classified in the policy as 'CML', that is, commercial, and it should be pointed out in this respect that a general permission, or a comprehensive permission, is much more readily assumed where the use of the motor vehicle is for social or non-business purposes than where the relationship of master and servant exists and the employment of the motor vehicle is for business purposes. See Jordan v. Shelby Mutual Plate Glass & Casualty Co., 4 Cir., 142 F.2d 52."

Applying this reasoning to the case at bar, the logical inference is that the comprehensive or general permission for the use of the automobile being for business purposes and in a situation where the relationship of master and servant existed a use for social and non-business purposes should be less readily inferred or assumed.

This Court has had occasion to consider the omnibus clause in the cases of Vezolles v. Home Indemnity Co., D.C., 38 F.Supp. 455, affirmed per curiam, 6 Cir., 128 F.2d 116; Wise v. Ohio Casualty Insurance Co., D.C., 96 F.Supp. 380; Yorkshire Indemnity Co. of New York v. Collier, 6 Cir., 172 F.2d 116. The essence of the omnibus clause was succintly stated by Judge Shackelford Miller in the Vezolles case, tried before him as District Judge in 1941, when he said [38 F.Supp. 459]:

"The time element during which the use is permitted by the owner is in my opinion the element to be stressed rather than the particular use to which the car is put, *so long as the particular use does not vary materially from the contemplated or usual use of a car under similar conditions.*" (Emphasis added.)

A similar distinction was made by this Court in the case of Wise v. Ohio Casualty Insurance Co., supra.

Applying the principle of law, as we understand its pronouncement by the Kentucky Court of Appeals, by this Court, and by the United States Court of Appeals for the Sixth Circuit, we believe that the use of the automobile by Vernon D. Williamson on the occasion in question was not with the permission of Gordon's Furniture.

We hold, therefore, that Vernon D. Williamson was not an insured under the omnibus clause and American Employers' Insurance Company has no liability under its policy issued to Gordon's Furniture for plaintiff's judgment against Williamson. Accordingly, a judgment dismissing plaintiff's complaint will be tendered by counsel for the defendant in accordance with the rules of this Court.